UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
DIGS NYC LLC, EVANTHIA a/k/a "EVA" :
RAJWANS, and BHUPINDAR a/ka/a "BHINDA" :
RAJWANS, :
: 
                            Plaintiff, :     No. 14 Civ. 0538 (PAC)
:
            -against- :
:
G.M. MADONNA & CO., LLC f/k/a DIGS MODA :
GROUP, LLC f/k/a DIGS MODA LLC, :     **DECLARATION OF**
MADONNA & CO., LLC f/k/a DIGS MODA :     **MICHAEL STRAUB**
SOHO LLC, MADONNAANDCO.COM, LLC :
f/k/a DIGS MODA.COM LLC, and GERALYNN :
MADONNA, :
:
                          Defendants. :
------------------------------------------------------------ x

    MICHAEL STRAUB hereby declares as follows:

    1.    I am an employee of Worldwide Digital, LLC ("WWD"). I respectfully submit this declaration on behalf of defendants in opposition to the motion of plaintiffs for a preliminary injunction.

    2.    WWD is a technology services company that offers design and production services for, among other things, web sites, mobile sites, and mobile applications.

    3.    At all times relevant herein, I have been and continue to be employed by WWD as a Director.

    4.    On or about September 16, 2013, defendants, through defendant Madonna & Co., LLC f/k/a DIGS Moda Soho LLC ("DIGS Moda Soho") retained WWD to, among other things, switch its website from digsmoda.com to madonnaandco.com. I personally performed this work on behalf of WWD.

    5.    Switching the website digsmoda.com to madonnaandco.com involved a redesign

and other technical work which commenced on or about September 16, 2013 and was substantially completed on or about October 16, 2013.

6. The digsmoda.com website was originally built using hand-written code and a Content Management System from a third-party developer company called XCart.

7. The programming that was used for the digsmoda.com site is what is known as PHP programming. PHP programming relies on variables to build web pages on demand. So, when one sees a web page built by PHP, sections of the web page (Header, Body, Footer, etc.) are *pulled into* the page from the server. The web page is not one static entity in and of itself, but rather separate sections that are called into place once instructed to do so by the code. Inside this code are the variables.

8. On the original digsmoda.com web site, the _DIGS keyword was appended and prepended to numerous variables, folders and scripts (.tps, .php, .html, .js, .css).

9. When we modified the digsmoda.com website to madonnaandco.com, changes were made to all variable names and template names.

10. For example, the link to the About page on the web site reads "https://www.madonnaandco.com/About_Madonna_And_Co.html", but the call to that template originally used the name "DIGS_About". I personally changed it from "DIGS_About" to "About".

11. I also thoroughly cleaned the server and deleted anything that had Digs, DIGS, digsmoda, _Digs, _digs, Digs_ or digs_ referenced.

12. When we switched the site from digsmoda.com to madonnaandco.com, XCart kept the file system (the backend) in place and changed the address one would need to access the pages. Therefore , "digsmoda.com/Welcome" became "madonnaandco.com/Welcome".

13. On or about January 30, 2014, defendant Geralynn Madonna advised me that there were two items that were missed on the switch from digsmoda.com to madonnaandco.com.

14. <u>First</u>, one link remained that was named "<u>https://www.madonnaandco.com/DIGS-Clothing/</u>". I believe the reason this existed was because the word "Clothing" on the navigation bar on the original digsmoda.com site linked to other pages on the web site when clicked. However, when we redesigned the site for madonnaandco.com, the word "Clothing" on the navigation bar no longer linked to anything when clicked, but rather produced a scroll down menu of links to individual clothing categories that linked to pages containing the identified type of clothing when clicked.

15. For the same reason, I believe this page was not accessible through the defendants' website itself. Rather, I believe, this page may have been accessible in one of two manners: either one would have to have typed the exact address into a web browser, or one would have to reach this page though an Internet that would link to this page.

16. I guided Ms. Madonna through the process of removing the foregoing reference to "DIGS" which, upon information and belief, Ms. Madonna completed.

17. <u>Second</u>, one old template remained undeleted on the backend server that was named "<u>https://www.madonnaandco.com/Collection/</u>" which included an old photograph and listing of "Collections" with the text list "Royal Digs, Digs Couture, Vintage Digs, Digs Bijoux, Digs Clean, Digs Beaute, Digs Luxury Beach". This is the same page that is included in the Affidavit of Eva Rajwans, sworn to on March 11, 2014, in support of plaintiffs' motion ("Eva's Affidavit") as Exhibit H, page. 2.

18. On or about January 30, 2014, I found this old template (which was apparently missed when deleting old Digs references on the initial redesign, although it was not in use for

anything), while working on development of defendants' mobile web site, as it was giving us problems during development. I deleted this template myself at that time.

19. In paragraph 64 of Eva's Affidavit, she claims that "Defendants have continued to use the Subject Marks in its meta tags and source codes." Eva's statement is categorically false. I have not included any reference to DIGS, including to their purported trademarks, in any meta tags or source code of the madonnaandco.com web site. Indeed, as set forth above, WWD was hired specifically to delete any and all references to DIGS and plaintiffs' purported trademarks, and, upon information and belief, WWD has fully performed that task.

20. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 18, 2014
New York, New York

_____
Michael Straub