UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
DIGS NYC LLC, EVANTHIA a/k/a "EVA" :
RAJWANS, and BHUPINDAR a/ka/a "BHINDA" :
RAJWANS, :
 :
                                      Plaintiff, :    No. 14 Civ. 0538 (PAC)
 :
              -against- :
 :
G.M. MADONNA & CO., LLC f/k/a DIGS MODA : **DECLARATION OF**
GROUP, LLC f/k/a DIGS MODA LLC, :    **CHRISTOPHER J. PLATT**
MADONNA & CO., LLC f/k/a DIGS MODA :
SOHO LLC, MADONNAANDCO.COM, LLC :
f/k/a DIGS MODA.COM LLC, and GERALYNN :
MADONNA, :
 :
                                    Defendants. :
------------------------------------------------------------- x

       CHRISTOPHER J. PLATT hereby declares as follows:

       1.      I am a partner of Finkelstein Platt LLP, counsel for defendants G.M. Madonna & Co., LLC f/k/a Digs Moda Group, LLC f/k/a Digs Moda LLC (the "Company"); Madonna & Co., LLC f/k/a Digs Moda Soho LLC; and Madonnaandco.com LLC f/k/a Digs Moda.com LLC; and Geralynn Madonna ("Geralynn"; together, "Defendants"). I respectfully submit this declaration in opposition to the motion of plaintiffs Digs NYC LLC; Evanthia "Eva" Rajwans ("Eva"); and Bhupindar "Bhinda" Rajwans (together, "Plaintiffs") for a preliminary injunction.

       2.      In early October 2013, Geryalynn learned that Plaintiffs, specifically Eva, had been advising third-parties orally and in writing that the Company had closed its retail store (located in Soho) and that Defendants could not use the "DIGS" mark without her permission. Therefore, on October 7, 2013, I sent a letter to Plaintiffs' former counsel, Daniel S. Perlman, Esq., demanding that Plaintiffs cease and desist from disseminating such false and defamatory information to third-parties, particularly because under the September 23, 2013 Membership

Transfer Agreement entered into among the parties (the "Membership Transfer Agreement"), Defendants had every right to use the "DIGS" mark at that time. (As set forth in paragraph 10, below, a copy of my October 7, 2013 letter is attached as Exhibit 2 to my November 25, 2013, which is attached hereto as Exhibit 2.)

3.  On or about October 8, 2013, I spoke by telephone with Mr. Perlman who represented to me that Eva would retract the false and defamatory statements that she made to a particular third-party, Shoptiques.

4.  On October 9, 2013, Mr. Perlman emailed a suggested retraction for Eva for my review. A copy of Mr. Perlman's October 9, 2013 email to me is attached hereto as Exhibit 1.

5.  On November 1, 2013, I sent Mr. Perlman another letter advising him that, despite his representation to me that Eva would retract her statements made to Shoptiques, she never did so. I also advised Mr. Perlman that Eva had improperly contacted Facebook when she notified Facebook that Defendants had allegedly infringing content on the Company's Facebook page. (As set forth in paragraph 10, below, a copy of my November 1, 2013 letter is attached as Exhibit 3 to my November 25, 2013 letter, which is attached hereto as Exhibit 2.) I never received any response to my November 1, 2013 letter.

6.  Instead, on November 18, 2013, at 1:40 a.m., I received an email from Geralynn forwarding an email that she received from Daniel A. Singer, Esq., Plaintiffs' current counsel, at 12:59 a.m. that same morning. Mr. Singer's November 18, 2013 letter is attached to the Affidavit of Eva Rajwans, sworn to on March 11, 2014, in support of Plaintiffs' instant motion ("Eva's Affidavit") as Exhibit FF.

7.  Later that morning, at approximately 8:17 a.m., I received an email, on which Geralynn was copied, directly from Mr. Singer attaching the same letter.

8.     In his November 18, 2013 letter, Mr. Singer alleged that Defendants had violated the Membership Transfer Agreement by using certain marks allegedly owned by Plaintiffs on Facebook and numerous other third-party websites. Among other things, Mr. Singer demanded that Defendants pay Plaintiffs the amount of $100,000.

9.     After exchanging several communications as a result of Mr. Singer's improper and unethical direct contact with Geralynn when he knew that she was represented by counsel, on November 25, 2013, I sent (by email and first-class mail) Mr. Singer a substantive, more than six page letter, in response to his November 18, 2013 letter. Noticeably absent from all of Plaintiffs' papers filed in support of their instant motion is any reference to my November 25, 2013 letter. (The only mention of Plaintiffs' November 18, 2013 letter appears in paragraph 118 of Eva's Affidavit.)

10.    In my November 25, 2013 letter, a copy of which is attached hereto as Exhibit 2, I reiterated the demands made in my October 7, 2013 and November 1, 2013 letters (both of which are attached to my November 25, 2013 letter as Exhibits 2 and 3, respectively) to Mr. Perlman, and I responded to every allegation contained in Mr. Singer's November 18, 2013 letter.

11.    Specifically, I noted that all of Mr. Singer's allegations with respect to Facebook were moot because Plaintiffs had improperly contacted Facebook, which had removed most of the "offending" postings and then blocked Defendants' access to their account (as is Facebook's automatic policy in light of any intellectual property dispute) thereby preventing Defendants from removing anything further.

12.    I also explained in my November 25, 2013 letter that, pursuant to the Membership Transfer Agreement, Defendants retained all rights to use "DIGS Soho", "DIGS Moda", and "DIGS Moda Soho".

13. Further, I addressed each of the allegedly improper third-party postings raised in Mr. Singer's November 18, 2013 letter, explaining that, among other things, (a) in a further effort to prevent any potential confusion, Defendants changed all postings that stated "formerly DIGS, Soho" to "formerly DIGS Moda Soho"; (b) Defendants had contacted snappette.com to remove all pictures concerning "DIGS" from any products offered by Defendants; (c) Defendants would use (as they already had used) their best efforts to contact certain third-parties to ensure that the Company would no longer be listed as or related to DIGS; and (d) Defendants had already advised -- three times -- Google Plus to remove references to DIGS. In addition, I advised Mr. Singer that we were unaware of the origination of certain postings of product images on Yahoo.com.

14. Of critical importance, I also advised Mr. Singer in my November 25, 2013 -- twice (pages 3 and 4) -- that, had Plaintiffs communicated directly with Defendants or had their counsel communicated directly with me, Defendants would have worked with Plaintiffs to resolve many of the issues raised in Mr. Singer's November 18, 2013 letter, all of which are now alleged in Plaintiffs' Complaint.

15. Notwithstanding my offer for the parties to work amicably to resolve any outstanding issues and expressing confusion with respect to some of the allegations in Mr. Singer's November 18, 2013 letter, I never received any substantive response from Mr. Singer. Instead, Mr. Singer left me a telephone message, which I responded to on November 27, 2013. As it was the end of the day, and the day before Thanksgiving, our conversation was brief and only in the nature of coordinating a time to speak after the holiday.

16. After the holiday weekend, on December 2, 2013, I sent an email to Mr. Singer to coordinate a substantive phone call, advising Mr. Singer that "I can plan to speak with you

Wednesday (December 4, 2013) if you will be in the office then. Let me know." A copy of my December 2, 2013 email to Mr. Singer is attached hereto as Exhibit 3.

17. Mr. Singer never responded to my December 2, 2013 email. In fact, I never heard from Mr. Singer again until I received an email, addressed to Geralynn and me, from him on March 11, 2014, at approximately 2:53 p.m., advising us that Plaintiffs had commenced an action against Defendants and that he would be filing an application for a temporary restraining order the following day at 2:15 p.m. Rather than provide us with a copy of the papers or the Complaint, Mr. Singer demanded that we appear the following day for them. A copy of Mr. Singer's email is attached hereto as Exhibit 4.

18. With respect to Plaintiffs' applications for trademark registrations of "DIGS" and "DIGS Couture", attached hereto as Exhibits 5 and 6, respectively, are the outgoing Office Actions printed from the website of the United States Patent and Trademark Office.

19. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   March 18, 2014
               New York, New York

_____
Christopher J. Platt