| | |
|---|---|
| To: | DIGS NYC, LLC (jj@llapc.com) |
| Subject: | U.S. TRADEMARK APPLICATION NO. 86134474 - DIGS - N/A |
| Sent: | 12/24/2013 4:25:30 PM |
| Sent As: | ECOM114@USPTO.GOV |
| Attachments: | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |

UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)
OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

**U.S. APPLICATION SERIAL NO.** 86134474

**MARK:** DIGS

**CORRESPONDENT ADDRESS:**
   JUNGJIN LEE
   LEE, LEE & ASSOCIATES, P.C.
   2531 JACKSON AVE STE 234
   ANN ARBOR, MI 48103-3818

*86134

CLICK HERE TO
http://www.uspto.gov/

**APPLICANT:** DIGS NYC, LLC

**CORRESPONDENT'S REFERENCE/DOCKET NO :**
   N/A
**CORRESPONDENT E-MAIL ADDRESS:**
   jj@llapc.com

# OFFICE ACTION

## STRICT DEADLINE TO RESPOND TO THIS LETTER

TO AVOID ABANDONMENT OF APPLICANT'S TRADEMARK APPLICATION, THE USPTO MUST RECEIVE APPLICANT'S COMPLETE RESPONSE TO THIS LETTER **WITHIN 6 MONTHS** OF THE ISSUE/MAILING DATE BELOW.

**ISSUE/MAILING DATE: 12/24/2013**

The referenced application has been reviewed by the assigned trademark examining attorney.  Applicant must respond timely and completely to the issue(s) below.  15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

**LIKELIHOOD OF CONFUSION REFUSAL PURSUANT TO SECTION 2(d)**

Registration of the applied-for mark DIGS, for clothing, is refused because of a likelihood of confusion with the mark in U.S. Registration No. 4064177, DIGZ, for shorts.  Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.*  See the enclosed registration.[1]

Trademark Act Section 2(d) bars registration of an applied-for mark that so resembles a registered mark that it is likely that a potential consumer would be confused or mistaken or deceived as to the source of the goods and/or services of the applicant and registrant.  *See* 15 U.S.C. §1052(d).  The court in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973) listed the principal factors to be considered when determining whether there is a likelihood of confusion under Section 2(d).  *See* TMEP §1207.01.  However, not all of the factors are necessarily relevant or of equal weight, and any one factor may be dominant in a given case, depending upon the evidence of record.  *In re Majestic Distilling Co.*, 315 F.3d 1311, 1315, 65 USPQ2d 1201, 1204 (Fed. Cir. 2003); *see In re E. I. du Pont*, 476 F.2d at 1361-62, 177 USPQ at 567.

*Similarities in the Marks*

In a likelihood of confusion determination, the marks are compared for similarities in their appearance, sound, meaning or connotation and commercial impression.  *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973); TMEP §1207.01(b).  Similarity in any one of these elements may be sufficient to find a likelihood of confusion.  *In re White Swan Ltd.*, 8 USPQ2d 1534, 1535 (TTAB 1988); *In re Lamson Oil Co.*, 6 USPQ2d 1041, 1043 (TTAB 1987); *see* TMEP §1207.01(b).

Here, applicant's mark consists solely of the word "digs" in standard character format.    The registered mark consists solely of the term "DIGZ."   This word is an intentional misspelling of the word "digs."   The registrant's mark is thus the phonetic equivalent of the word "digs" in the applicant's proposed mark.

The spelling of this word in the applicant's mark is similar to the spelling of this word in the registered mark.  There is no other wording and no other design elements in either mark that might help consumers distinguish the marks from one another.

Therefore, applicant's mark has a similar sound, appearance and meaning as the registered mark and forms a similar commercial impression.  Similarity in sound alone may be sufficient to support a finding of likelihood of confusion.  *RE/MAX of America, Inc. v. Realty Mart, Inc.*, 207 USPQ 960, 964 (TTAB 1980); *Molenaar, Inc. v. Happy Toys Inc.,* 188 USPQ 469 (TTAB); *In re Cresco Mfg., Co.,* 138 USPQ 401 (TTAB 1963); TMEP §1207.01(b)(iv).

Consumers are likely to be confused by such similar marks when used for similar or related goods and/or services.

*Similarities in the Goods*

The goods and/or services of the parties need not be identical or directly competitive to find a likelihood of confusion.  *See Safety-Kleen Corp. v. Dresser Indus., Inc.*, 518 F.2d 1399, 1404, 186 USPQ 476, 480 (C.C.P.A. 1975); TMEP §1207.01(a)(i).  Rather, they need only be related in some manner, or the conditions surrounding their marketing are such that they would be encountered by the same purchasers

under circumstances that would give rise to the mistaken belief that the goods and/or services come from a common source.  *In re Total Quality Group, Inc.*, 51 USPQ2d 1474, 1476 (TTAB 1999); TMEP §1207.01(a)(i); *see, e.g., On-line Careline Inc. v. Am. Online Inc.*, 229 F.3d 1080, 1086-87, 56 USPQ2d 1471, 1475-76 (Fed. Cir. 2000); *In re Martin's Famous Pastry Shoppe, Inc.* , 748 F.2d 1565, 1566-68, 223 USPQ 1289, 1290 (Fed. Cir. 1984).

Here, applicant's goods consist of women's clothing, namely, shirts, dresses, skirts and blouses.

The registrant's goods consist of shorts.

Applicant's goods are similar in nature to the registrant's goods in that they consist of clothing.

Therefore, since the marks are similar and the goods are similar, there is a likelihood of confusion between the marks and registration is hereby refused in accordance with the Trademark Act.  Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.*

**PRIOR PENDING APPLICATION**

A potentially conflicting mark in a prior-filed pending application may also present a bar to registration.  Information regarding pending Application Serial No. 86031856, for the mark DIGS HAWAII, is enclosed.  The effective filing date of the referenced application precedes applicant's filing date.   There may be likelihood of confusion between the two marks under Trademark Act Section 2(d), 15 U.S.C. §1052(d).  If the referenced application registers, registration may be refused in this case under Section 2(d).  37 C.F.R. §2.83; TMEP §§1208 *et seq.*  Therefore, upon receipt of applicant's response resolving the following requirement(s), action on this application will be suspended pending the disposition of the Application Serial No. referenced above.  37 C.F.R. §2.83(c); TMEP §§716.02(c), 1208.02(c).

If applicant believes there is no potential conflict between this application and the earlier-filed application, then applicant may present arguments relevant to the issue in a response to this Office Action.  The election not to submit arguments at this time in no way limits applicant's right to address this issue at a later point.

*Application Status*

The Trademark Applications and Registrations Retrieval (TARR) database on the USPTO website at http://tarr.uspto.gov provides detailed, up to the minute information about the status and prosecution history of trademark applications and registrations.  Please note that an application serial number or registration number is needed to access this database.  TARR is available 24 hours a day, 7 days a week.

**SIGNIFICANCE REQUIRED**

Applicant must specify whether the wording "digs" has any significance in the clothing trade or industry or as applied to the goods described in the application, or if such wording is a "term of art" within applicant's industry.   *See* 37 C.F.R. §2.61(b); TMEP §§808.01(a), 814.  If the word "digs" has such significance, applicant must provide or describe the significance.

Failure to respond to a request for information is an additional ground for refusing registration.  *See In re Cheezwhse.com, Inc*., 85 USPQ2d 1917, 1919 (TTAB 2008); *In re DTI P'ship LLP* , 67 USPQ2d 1699, 1701 (TTAB 2003); TMEP §814.

**RESPONSE GUIDELINES**

There is no required format or form for responding to an Office action.  The Office recommends applicants use the Trademark Electronic Application System (TEAS) to respond to Office actions online at http://www.uspto.gov/teas/index.html.  However, if applicant responds on paper via regular mail, the response should include the title "Response to Office Action" and the following information:   (1) the name and law office number of the examining attorney, (2) the serial number and filing date of the application, (3) the mailing date of this Office action, (4) applicant's name, address, telephone number and e-mail address (if applicable), and (5) the mark.  37 C.F.R. §2.194(b)(1); TMEP §302.03(a).

The response should address each refusal and/or requirement raised in the Office action.  If a refusal has issued, applicant can argue against the refusal; i.e., applicant can submit arguments and evidence as to why the refusal should be withdrawn and the mark should register.  To respond to requirements, applicant should set forth in writing the required changes or statements and request that the Office enter them into the application record.

**E-mail may not be used to file responses to Office actions**.  These documents may be filed electronically using TEAS.  TMEP § 304.02.  Further, **e-mail may not be used to request an advisory opinion** as to the likelihood of overcoming a refusal or requirement.


 **TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE:**  Applicants who filed their application online using the reduced-fee TEAS Plus application must continue to submit certain documents online using TEAS, including responses to Office actions.  *See* 37 C.F.R. §2.23(a)(1).  For a complete list of these documents, see TMEP §819.02(b).  In addition, such applicants must accept correspondence from the Office via e-mail throughout the examination process and must maintain a valid e-mail address.  37 C.F.R. §2.23(a)(2); TMEP §§819, 819.02(a).  TEAS Plus applicants who do not meet these requirements must submit an additional fee of $50 per international class of goods and/or services.  37 C.F.R. §2.6(a)(1)(iv); TMEP §819.04.  In appropriate situations and where all issues can be resolved by amendment, responding by telephone to authorize an examiner's amendment will not incur this additional fee.


/efennessy/
Edward Fennessy
LO 114
1.571.272.8804
Edward.Fennessy@USPTO.gov

**TO RESPOND TO THIS LETTER:**  Go to http://www.uspto.gov/trademarks/teas/response_forms.jsp.  Please wait 48-72 hours from the issue/mailing date before using the Trademark Electronic Application System (TEAS), to allow for necessary system updates of the application.  For *technical* assistance with online forms, e-mail TEAS@uspto.gov.  For questions about the Office action itself, please contact the assigned trademark examining attorney.  **E-mail communications will not be accepted as responses to Office actions; therefore, do not respond to this Office action by e-mail.**

**All informal e-mail communications relevant to this application will be placed in the official application record.**

**WHO MUST SIGN THE RESPONSE:**  It must be personally signed by an individual applicant or someone with legal authority to bind an applicant (i.e., a corporate officer, a general partner, all joint applicants).  If an applicant is represented by an attorney, the attorney must sign the response.

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:**  To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using the Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/.  Please keep a copy of the TSDR status screen.  If the status shows no change for more than six months, contact the Trademark Assistance Center by e-mail at TrademarkAssistanceCenter@uspto.gov or call 1-800-786-9199.  For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:**  Use the TEAS form at http://www.uspto.gov/trademarks/teas/correspondence.jsp.

---

[1] Applicant is the owner of abandoned Application Serial No. 85544821, for the mark DIGS, which was filed for the same goods listed in this application and which was refused registration.

Print: Dec 24, 2013                          85040194

**DESIGN MARK**

**Serial Number**
85040194

**Status**
REGISTERED

**Word Mark**
DIGZ

**Standard Character Mark**
Yes

**Registration Number**
4064177

**Date Registered**
2011/11/29

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Gentleman Jack LIMITED LIABILITY COMPANY NEW JERSEY 17 Beechtree Lane Essex Fells NEW JERSEY 07021

**Goods/Services**
Class Status -- ACTIVE.  IC 025.  US  022 039.  G & S: Shorts.  First Use: 2010/07/31.  First Use In Commerce: 2010/07/31.

**Filing Date**
2010/05/17

**Examining Attorney**
OKEKE, BENJAMIN

# Digz

Print: Dec 24, 2013                        86031856                        Issue: 0000/00/00

**DESIGN MARK**

**Serial Number**
86031856

**Status**
PUBLISHED FOR OPPOSITION

**Word Mark**
DIGS HAWAII

**Standard Character Mark**
No

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(3) DESIGN PLUS WORDS, LETTERS AND/OR NUMBERS

**Owner**
Usual Suspects LLC LIMITED LIABILITY COMPANY HAWAII Apt 606 1128 Ala Napunani St Honolulu HAWAII 96818

**Goods/Services**
Class Status -- ACTIVE.  IC 016.  US  002 005 022 023 029 037 038 050.  G & S: Posters; Stickers.  First Use: 2005/01/01.  First Use In Commerce: 2013/01/01.

**Goods/Services**
Class Status -- ACTIVE.  IC 025.  US  022 039.  G & S: Beanies; Footwear; Jackets; Pants; Shorts; Socks; Sweatshirts; T-shirts; Tank tops.  First Use: 2005/01/01.  First Use In Commerce: 2013/01/01.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "HAWAII" APART FROM THE MARK AS SHOWN.

**Description of Mark**
The mark consists of the stylized text "DIGS" and "HAWAII" in an arch.  There is a diamond before and after the text "HAWAII".

**Colors Claimed**
Color is not claimed as a feature of the mark.

**Filing Date**
2013/08/07

-1-

**Print: Dec 24, 2013**                    86031856                    **Issue: 0000/00/00**

**Examining Attorney**
DE JONGE, KATHY



| | |
|---|---|
| **To:** | DIGS NYC, LLC (jj@llapc.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 86134474 - DIGS - N/A |
| **Sent:** | 12/24/2013 4:25:31 PM |
| **Sent As:** | ECOM114@USPTO.GOV |
| **Attachments:** | |

# UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)

# IMPORTANT NOTICE REGARDING YOUR U.S. TRADEMARK APPLICATION

USPTO OFFICE ACTION (OFFICIAL LETTER) HAS ISSUED ON **12/24/2013** FOR U.S. APPLICATION SERIAL NO. 86134474

Please follow the instructions below:

**(1) TO READ THE LETTER:** Click on this link or go to http://tsdr.uspto.gov, enter the U.S. application serial number, and click on "Documents."

The Office action may not be immediately viewable, to allow for necessary system updates of the application, but will be available within 24 hours of this e-mail notification.

**(2) TIMELY RESPONSE IS REQUIRED:** Please carefully review the Office action to determine (1) how to respond, and (2) the applicable response time period. Your response deadline will be calculated from **12/24/2013** (*or sooner if specified in the Office action*). For information regarding response time periods, see http://www.uspto.gov/trademarks/process/status/responsetime.jsp.

**Do NOT hit "Reply" to this e-mail notification, or otherwise e-mail your response** because the USPTO does NOT accept e-mails as responses to Office actions. Instead, the USPTO recommends that you respond online using the Trademark Electronic Application System (TEAS) response form located at http://www.uspto.gov/trademarks/teas/response_forms.jsp.

**(3) QUESTIONS:** For questions about the contents of the Office action itself, please contact the assigned trademark examining attorney. For *technical* assistance in accessing or viewing the Office action in the Trademark Status and Document Retrieval (TSDR) system, please e-mail TSDR@uspto.gov.

# WARNING

**Failure to file the required response by the applicable response deadline will result in the ABANDONMENT of your application.** For more information regarding abandonment, see

http://www.uspto.gov/trademarks/basics/abandon.jsp.

**PRIVATE COMPANY SOLICITATIONS REGARDING YOUR APPLICATION:** Private companies **not** associated with the USPTO are using information provided in trademark applications to mail or e-mail trademark-related solicitations. These companies often use names that closely resemble the USPTO and their solicitations may look like an official government document. Many solicitations require that you pay "fees."

Please carefully review all correspondence you receive regarding this application to make sure that you are responding to an official document from the USPTO rather than a private company solicitation. All <u>official</u> USPTO correspondence will be mailed only from the "United States Patent and Trademark Office" in Alexandria, VA; or sent by e-mail from the domain "@uspto.gov." For more information on how to handle private company solicitations, see http://www.uspto.gov/trademarks/solicitation_warnings.jsp.