| | |
|---|---|
| **To:** | DIGS NYC LLC (eva@glamorousdigs.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 85544840 - DIGS COUTURE - N/A |
| **Sent:** | 5/29/2012 6:23:52 PM |
| **Sent As:** | ECOM114@USPTO.GOV |
| **Attachments:** | Attachment - 1<br>Attachment - 2<br>Attachment - 3<br>Attachment - 4<br>Attachment - 5<br>Attachment - 6 |

### UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)
#### OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

**APPLICATION SERIAL NO.**     85544840

**MARK**: DIGS COUTURE

**\*855⁴**

**CORRESPONDENT ADDRESS**:
   DIGS NYC LLC
   DIGS NYC LLC
   229 W 60TH ST APT 3B
   NEW YORK, NY 10023-7504

**CLICK HERI**
http://www.uspt

**APPLICANT**:        DIGS NYC LLC

**CORRESPONDENT'S REFERENCE/DOCKET NO** :
   N/A
**CORRESPONDENT E-MAIL ADDRESS**:
   eva@glamorousdigs.com

*OFFICE ACTION*

# STRICT DEADLINE TO RESPOND TO THIS LETTER

TO AVOID ABANDONMENT OF APPLICANT'S TRADEMARK APPLICATION, THE USPTO MUST RECEIVE APPLICANT'S COMPLETE RESPONSE TO THIS LETTER **WITHIN 6 MONTHS** OF THE ISSUE/MAILING DATE BELOW.

**ISSUE/MAILING DATE: 5/29/2012**

The referenced application has been reviewed by the assigned trademark examining attorney.  Applicant must respond timely and completely to the issue(s) below.  15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

## LIKELIHOOD OF CONFUSION REFUSAL PURSUANT TO SECTION 2(d)

Registration of the applied-for mark DIGS COUTURE, for clothing, is refused because of a likelihood of confusion with the mark in U.S. Registration No. 4064177, DIGZ, for shorts.  Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.*  See the enclosed registration.

Trademark Act Section 2(d) bars registration of an applied-for mark that so resembles a registered mark that it is likely that a potential consumer would be confused or mistaken or deceived as to the source of the goods and/or services of the applicant and registrant.  *See* 15 U.S.C. §1052(d).  The court in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973) listed the principal factors to be considered when determining whether there is a likelihood of confusion under Section 2(d).  *See* TMEP §1207.01.  However, not all of the factors are necessarily relevant or of equal weight, and any one factor may be dominant in a given case, depending upon the evidence of record.  *In re Majestic Distilling Co.*, 315 F.3d 1311, 1315, 65 USPQ2d 1201, 1204 (Fed. Cir. 2003); *see In re E. I. du Pont*, 476 F.2d at 1361-62, 177 USPQ at 567.

*Similarities in the Marks*

In a likelihood of confusion determination, the marks are compared for similarities in their appearance, sound, meaning or connotation and commercial impression.  *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973); TMEP §1207.01(b).  Similarity in any one of these elements may be sufficient to find a likelihood of confusion.  *In re White Swan Ltd.*, 8 USPQ2d 1534, 1535 (TTAB 1988); *In re Lamson Oil Co.*, 6 USPQ2d 1041, 1043 (TTAB 1987); *see* TMEP §1207.01(b).

Although marks are compared in their entireties, one feature of a mark may be more significant or dominant in creating a commercial impression.  *See In re Viterra Inc.*, 671 F.3d 1358, 1362, 101 USPQ2d 1905, 1908 (Fed. Cir. 2012); *In re Nat'l Data Corp.*, 753 F.2d 1056, 1058, 224 USPQ 749, 751 (Fed. Cir. 1985); TMEP §1207.01(b)(viii), (c)(ii).  Descriptive or generic matter is typically less significant or less dominant in relation to other wording in a mark.  *See In re Chatam Int'l Inc.*, 380 F.3d 1340, 1342-43, 71 USPQ2d 1944, 1946 (Fed. Cir. 2004); *In re Binion*, 93 USPQ2d 1531, 1534 (TTAB 2009).

Here, applicant's mark consists of the wording "digs couture."  The word "couture" in the mark means clothing, especially custom designed clothing.  See the attached dictionary definition from *MacMillan Dictionary*.  Applicant's goods consist of clothing.  Thus, the word "couture" is descriptive and less significant or dominant in relation to the word "digs" in the mark.

The registered mark consists solely of the term "DIGZ."  This word is an intentional misspelling and the phonetic equivalent of the dominant word "digs" in applicant's mark.  The spelling of this word in the applicant's mark is similar to the spelling of this word in the registered mark.

Therefore, applicant's mark has a similar sound, appearance and meaning as the registered mark and forms a similar commercial impression.  Similarity in sound alone may be sufficient to support a finding of likelihood of confusion.  *RE/MAX of America, Inc. v. Realty Mart, Inc.*, 207 USPQ 960, 964 (TTAB

1980); *Molenaar, Inc. v. Happy Toys Inc.*, 188 USPQ 469 (TTAB); *In re Cresco Mfg., Co.*, 138 USPQ 401 (TTAB 1963); TMEP §1207.01(b)(iv).

Consumers are likely to be confused by such similar marks when used for similar or related goods and/or services.

*Similarities in the Goods*

The goods and/or services of the parties need not be identical or directly competitive to find a likelihood of confusion. *See Safety-Kleen Corp. v. Dresser Indus., Inc.*, 518 F.2d 1399, 1404, 186 USPQ 476, 480 (C.C.P.A. 1975); TMEP §1207.01(a)(i). Rather, they need only be related in some manner, or the conditions surrounding their marketing are such that they would be encountered by the same purchasers under circumstances that would give rise to the mistaken belief that the goods and/or services come from a common source. *In re Total Quality Group, Inc.*, 51 USPQ2d 1474, 1476 (TTAB 1999); TMEP §1207.01(a)(i); *see, e.g., On-line Careline Inc. v. Am. Online Inc.*, 229 F.3d 1080, 1086-87, 56 USPQ2d 1471, 1475-76 (Fed. Cir. 2000); *In re Martin's Famous Pastry Shoppe, Inc.*, 748 F.2d 1565, 1566-68, 223 USPQ 1289, 1290 (Fed. Cir. 1984).

Here, applicant's goods consist of women's clothing, namely, shirts, dresses, skirts and blouses.

The registrant's goods consist of shorts.

Applicant's goods are similar in nature to the registrant's goods in that they consist of clothing.

Therefore, since the marks are similar and the goods are similar, there is a likelihood of confusion between the marks and registration is hereby refused in accordance with the Trademark Act. Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.*

**PRIOR PENDING APPLICATION**

A potentially conflicting mark in a prior-filed pending application may also present a bar to registration. Information regarding pending Application Serial No(s). 85053495, DIGGZ CLOTHING, is enclosed. The effective filing date of the referenced application precedes applicant's filing date. There may be likelihood of confusion between the two marks under Trademark Act Section 2(d), 15 U.S.C. §1052(d). If the referenced application registers, registration may be refused in this case under Section 2(d). 37 C.F.R. §2.83; TMEP §§1208 *et seq.* Therefore, upon receipt of applicant's response resolving the following requirement(s), action on this application will be suspended pending the disposition of the Application Serial No(s). referenced above. 37 C.F.R. §2.83(c); TMEP §§716.02(c), 1208.02(c).

If applicant believes there is no potential conflict between this application and the earlier-filed application, then applicant may present arguments relevant to the issue in a response to this Office Action. The election not to submit arguments at this time in no way limits applicant's right to address this issue at a later point.

*Application Status*

The Trademark Applications and Registrations Retrieval (TARR) database on the USPTO website at http://tarr.uspto.gov provides detailed, up to the minute information about the status and prosecution history of trademark applications and registrations. Please note that an application serial number or

registration number is needed to access this database.  TARR is available 24 hours a day, 7 days a week.

## DISCLAIMER REQUIRED

Applicant must disclaim the descriptive wording "couture" apart from the mark as shown because it merely describes applicant's goods.  *See* 15 U.S.C. §1056(a); TMEP §§1213, 1213.03(a).

The word "couture" means clothing.  See the attached dictionary definition from  *MacMillan Dictionary*.

Applicant's goods consist of clothing.   Therefore, the word "couture" describes the nature of applicant's goods and applicant must disclaim the right to use this word apart from the mark as shown and the right to prevent others from using this word.

The computerized printing format for the Office's  *Trademark Official Gazette* requires a standardized format for a disclaimer.  TMEP §1213.08(a)(i).  The following is the standard format used by the Office:

**No claim is made to the exclusive right to use "COUTURE" apart from the mark as shown.**

TMEP §1213.08(a)(i); *see In re Owatonna Tool Co*., 231 USPQ 493 (Comm'r Pats. 1983).

## SIGNIFICANCE REQUIRED

Applicant must specify whether the wording "digs" has any significance in the clothing trade or industry or as applied to the goods described in the application, or if such wording is a "term of art" within applicant's industry.  *See* 37 C.F.R. §2.61(b); TMEP §§808.01(a), 814.  If the word "digs" has such significance, applicant must provide or describe the significance.

Failure to respond to a request for information is an additional ground for refusing registration.  *See In re Cheezwhse.com, Inc*., 85 USPQ2d 1917, 1919 (TTAB 2008); *In re DTI P'ship LLP* , 67 USPQ2d 1699, 1701 (TTAB 2003); TMEP §814.

## RESPONSE GUIDELINES

There is no required format or form for responding to an Office action.  The Office recommends applicants use the Trademark Electronic Application System (TEAS) to respond to Office actions online at http://www.uspto.gov/teas/index.html.  If applicant responds on paper via regular mail, the response should include the title "Response to Office Action" and the following information:  (1) the name and law office number of the examining attorney, (2) the serial number and filing date of the application, (3) the date of issuance of this Office action, (4) applicant's name, address, telephone number and e-mail address (if applicable), and (5) the mark.  37 C.F.R. §2.194(b)(1); TMEP §302.03(a).

In the response, applicant should explicitly address each refusal and/or requirement raised in the Office action.  If a refusal has issued, applicant may wish to argue against the refusal, i.e., submit arguments and/or evidence as to why the refusal should be withdrawn and why the mark should register.  To respond to requirements, applicant should set forth in writing the required changes or statements.

The response must be signed by applicant or someone with legal authority to bind applicant (i.e., a corporate officer of a corporate applicant, the equivalent of an officer for unincorporated organizations or limited liability company applicants, a general partner of a partnership applicant, each applicant for applications with multiple individual applicants).  TMEP §§605.02, 712.  The signer must personally sign

and date the response or manually enter their electronic signature in the signature block.  TMEP §605.02

Applicant may wish to hire an attorney to assist in prosecuting this application because of the legal technicalities involved.  The Office, however, cannot aid in the selection of an attorney.  37 C.F.R. §2.11. Applicant may wish to consult a local telephone directory for a listing of attorneys specializing in trademark or intellectual property law, or seek guidance from a local bar association attorney-referral service.

/efennessy/
Edward Fennessy
LO 114
1.571.272.8804
Edward.Fennessy@USPTO.gov

**TO RESPOND TO THIS LETTER:**  Go to http://www.uspto.gov/trademarks/teas/response_forms.jsp.  Please wait 48-72 hours from the issue/mailing date before using TEAS, to allow for necessary system updates of the application.  For *technical* assistance with online forms, e-mail TEAS@uspto.gov.  For questions about the Office action itself, please contact the assigned trademark examining attorney.  **E-mail communications will not be accepted as responses to Office actions; therefore, do not respond to this Office action by e-mail.**

**All informal e-mail communications relevant to this application will be placed in the official application record.**

**WHO MUST SIGN THE RESPONSE:**  It must be personally signed by an individual applicant or someone with legal authority to bind an applicant (i.e., a corporate officer, a general partner, all joint applicants).  If an applicant is represented by an attorney, the attorney must sign the response.

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:**  To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using Trademark Applications and Registrations Retrieval (TARR) at http://tarr.uspto.gov/.  Please keep a copy of the complete TARR screen.  If TARR shows no change for more than six months, call 1-800-786-9199.  For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:**  Use the TEAS form at http://www.uspto.gov/teas/eTEASpageE.htm.

**Print: May 29, 2012**                    **85040194**

**DESIGN MARK**

**Serial Number**
85040194

**Status**
REGISTERED

**Word Mark**
DIGZ

**Standard Character Mark**
Yes

**Registration Number**
4064177

**Date Registered**
2011/11/29

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Gentleman Jack LIMITED LIABILITY COMPANY NEW JERSEY 17 Beechtree Lane
Essex Fells NEW JERSEY 07021

**Goods/Services**
Class Status -- ACTIVE.  IC 025.  US  022 039.  G & S: Shorts.  First
Use: 2010/07/31.  First Use In Commerce: 2010/07/31.

**Filing Date**
2010/05/17

**Examining Attorney**
OKEKE, BENJAMIN

# Digz

**Print: May 29, 2012**                                    **85053495**

**DESIGN MARK**

**Serial Number**
85053495

**Status**
NON-FINAL ACTION - MAILED

**Word Mark**
DIGGZ CLOTHING

**Standard Character Mark**
Yes

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Diggz Clothing LLC LIMITED LIABILITY COMPANY INDIANA 3111 Builder
Drive Lafayette INDIANA 47909

**Goods/Services**
Class Status -- ACTIVE.  IC 035.  US  100 101 102.  G & S: Retail
store services in the field of clothing and accessories.  First Use:
2008/03/01.  First Use In Commerce: 2008/03/01.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CLOTHING" APART FROM
THE MARK AS SHOWN.

**Filing Date**
2010/06/03

**Examining Attorney**
MCMORROW,JANICE L.

**Attorney of Record**
Geoffrey D. Smith

# Diggz Clothing

http://www.macmillandictionary.com/dictionary/american/couture          05/29/2012 03:42:42 PM





 learn English     live English     love English



*BuzzWord*

### chillax

to rest and relax, often by taking time away from work to do things you enjoy

**BuzzWord Article**



| More BuzzWords | |
| --- | --- |
| omnishambles | |
| nanobreak | |
| jorts | |
| funemployment | sofalizing |
| daycation | glamping |
| marmite | staycation |

**BuzzWord archive**



## Word of the Day



### hackney carriage

a taxi

**Word of the Day**

## Open Dictionary

### gender-neutral

gender-neutral language can be used when talking about either sex

**add a word**

| More submissions | |
| --- | --- |
| gender neutrality | |
| hay-smoked | |
| rinsed | |
| tussore | interdict |
| voluntourism | kimchee |
| sarmie | bezzie |

**view entries**

## Blog

A must for anyone with an interest in the changing face of language. The Macmillan Dictionary blog explores English as it is spoken around the world today.

**global English and language change from our blog**

American definition of **couture** from the online English dictionary from Macmillan Publishers Limited.

© Macmillan Publishers Limited 2009–2012    Index    Privacy    Cookie Policy    Terms and Conditions

| | |
|---|---|
| **To:** | DIGS NYC LLC (eva@glamorousdigs.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 85544840 - DIGS COUTURE - N/A |
| **Sent:** | 5/29/2012 6:23:53 PM |
| **Sent As:** | ECOM114@USPTO.GOV |
| **Attachments:** | |

# IMPORTANT NOTICE REGARDING YOUR TRADEMARK APPLICATION

**Your trademark application (Serial No. 85544840) has been reviewed.  The examining attorney assigned by the United States Patent and Trademark Office ("USPTO") has written a letter (an "Office Action") on 5/29/2012 to which you must respond.  Please follow these steps:**

**1.  Read** the Office letter by clicking on this **link OR** go to **http://tmportal.uspto.gov/external/portal/tow** and enter your serial number to **access** the Office letter.

 **PLEASE NOTE**: The Office letter may not be immediately available but will be viewable within 24 hours of this e-mail notification.

**2. Respond** within 6 months, calculated from **5/29/2012** (*or sooner if specified in the Office letter*), using the Trademark Electronic Application System **Response to Office Action form.** If you have difficulty using the USPTO website, contact TDR@uspto.gov.

**3. Contact** the examining attorney who reviewed your application with any questions about the content of the office letter:

/efennessy/
Edward Fennessy
LO 114
1.571.272.8804
Edward.Fennessy@USPTO.gov

# WARNING

**Failure to file any required response by the applicable deadline will result in the ABANDONMENT of your application.**
**Do NOT hit "Reply" to this e-mail notification, or otherwise attempt to e-mail your response, as the USPTO does NOT accept e-mailed responses.  Instead, please use the Trademark Electronic Application System Response to Office Action form.**

Side - 1



# NOTICE OF ABANDONMENT
## MAILING DATE: Jan 28, 2013

The trademark application identified below was abandoned in full because a response to the Office Action mailed on May 29, 2012 was not received within the 6-month response period.

If the delay in filing a response was unintentional, you may file a petition to revive the application with a fee. If the abandonment of this application was due to USPTO error, you may file a request for reinstatement. Please note that a petition to revive or request for reinstatement **must be received within two months from the mailing date of this notice.**

For additional information, go to http://www.uspto.gov/teas/petinfo.htm. If you are unable to get the information you need from the website, call the Trademark Assistance Center at 1-800-786-9199.

**SERIAL NUMBER:**  85544840
**MARK:**  DIGS COUTURE
**OWNER:**  DIGS NYC LLC

Side - 2

UNITED STATES PATENT AND TRADEMARK OFFICE
COMMISSIONER FOR TRADEMARKS
P.O. BOX 1451
ALEXANDRIA, VA  22313-1451

FIRST-CLASS
MAIL
U.S POSTAGE
PAID

DIGS NYC LLC
DIGS NYC LLC
229 W 60TH ST APT 3B
NEW YORK , NY  10023-7504