# EXHIBIT E

## MEMBERSHIP TRANSFER AGREEMENT

THIS MEMBERSHIP TRANSFER AGREEMENT (this "Agreement"), dated as of September 23, 2013 ("Effective Date"), is entered into between Geralynn Madonna ("Geralynn"), Evanthia Rajwans ("Eva"), and Bhinda Rajwans ("Bhinda") (Eva and Bhinda together, the "Rajwans"). Capitalized terms not defined herein shall have the same meaning as ascribed to them in the Operating Agreement of DIGS MODA GROUP, LLC dated as of September 6, 2011 (the "Operating Agreement").

## W I T N E S S E T H:

WHEREAS, the Rajwans own fifty percent (50%) of the membership units of DIGS MODA GROUP, LLC, a New York limited liability company (the "Company") which represent all of the Rajwans' right, title and interest (including without limitation all of the Rajwans' ownership and/or membership interest) in and to the Company (both economic and non-economic interests – equity and voting rights) (the "Rajwans' Units");

WHEREAS, Geralynn is the owner of the remaining fifty percent (50%) of the membership units of the Company;

WHEREAS, the Company is the sole member of DIGS MODA SOHO LLC, a New York limited liability company with a principal place of business at 284 Lafayette Street, New York, NY 10012;

WHEREAS, the Company is the sole member of DIGS MODA.COM LLC, a New York limited liability company with a principal place of business at 284 Lafayette Street, New York, NY 10012;

WHEREAS, Geralynn made the Initial Geralynn Loan to the Company, as set forth in paragraph 2.6 of the Operating Agreement, in the principal amount of Four Hundred Thousand Dollars ($400,000);

WHEREAS, the Company failed to make any payments to Geralynn on the Initial Geralynn Loan and is in default of the Initial Geralynn Loan;

WHEREAS, when forming the Company, the Rajwans' capital contribution consisted of the transfer to the Company of a license and other rights in certain Trademarks and Domain Names on behalf of themselves and DIGS NYC LLC, a New York limited liability company of which the Rajwans' own one-hundred percent (100%) of the equity and voting rights, and including certain rights relating to the Existing Store;

WHEREAS, the Rajwans desire to transfer to Geralynn, and Geralynn desires to receive from the Rajwans, all of the right, title and interest in the Rajwans' Units in the Company (both economic and non-economic interests) upon the terms and conditions provided herein, in order for Geralynn to continue to own and operate the business of the Company, including without limitation all of the entities in which the Company has an interest (i.e., DIGS MODA SOHO LLC and DIGS MODA.COM LLC) and retain all of the assets and liabilities of each of them, and additionally so that the Rajwans and/or DIGS NYC LLC may terminate the Company's license in the Trademark and Domain Names of DIGS NYC LLC to the extent provided herein;

1

NOW, THEREFORE, in consideration of the mutual covenants and agreements hereinafter set forth below and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

## ARTICLE I
### TRANSFER OF THE RAJWANS' UNITS

1.01 <u>Transfer of the Rajwans' Units</u>. Upon execution of this Agreement, at the Transfer Event (as defined in <u>Section 1.05</u>), the Rajwans shall transfer and assign to Geralynn, and Geralynn shall receive from the Rajwans, all of the Rajwans' right, title and interest in and to the Rajwans' Units (both the economic and non-economic interests) which include all of the Rajwans' right, title and interest (including without limitation any ownership and/or membership interest) in and to DIGS MODA GROUP, LLC.

1.02 <u>Consideration</u>. In consideration of the transfer by the Rajwans to Geralynn of the Rajwans' Units, at the Transfer Event, the parties hereto agree as follows:

1.02.1 The Rajwans shall pay the Company by cashier's check made payable to "DIGS MODA GROUP, LLC" the amount of One-Thousand Dollars ($1,000.00) in connection with the Company's return of certain rights to usage of Trademarks and Domain Names to the Rajwans and/or DIGS NYC LLC as set forth below in 1.02.2.

1.02.2 The Company shall hereby agree, and the Rajwans shall hereby, on behalf of themselves and DIGS NYC LLC, agree as follows:

1.02.2.1 The rights granted by and between the Company, DIGS NYC LLC, Geralynn and the Rajwans by Section 2.2.2 of the Operating Agreement shall be amended and modified as follows:

    a)      Notwithstanding anything in the Operating Agreement to the contrary, the Company's license to use the following Trademarks shall terminate at the end of the "Transition Period" as such term is defined in Section 1.03: "DIGS", "Royal Digs", "Vintage Digs", "Digs Couture", and "Digs Bijoux". It is expressly understood and agreed among the parties that the Company may continue to use the aforementioned Trademarks at the store operated by DIGS MODA SOHO LLC and through the Domain Name digsmoda.com until the end of the Transition Period (and as set forth in 1.02.2.6 and 1.03.2).

    b)      Notwithstanding anything in the Operating Agreement to the contrary, the Company's license to use the Domain Name GlamorousDigs.com shall terminate on the Effective Date.

    c)      Notwithstanding anything in the Operating Agreement to the contrary, (1) the Company's license to use the Domain Name digsmoda.com shall terminate at the end of the Transition Period as qualified below; and (2) the Rajwans, individually or jointly, and any entity in which the Rajwans, individually or jointly, are

2

members, shareholders, partners, or in which either or both have any interest, or any entity affiliated with any entity in which the Rajwans, individually or jointly, have an interest, including without limitation DIGS NYC LLC, shall not use the Domain Name digsmoda.com nor any other internet variation or top-level domain that includes the word 'digsmoda' (for example and without limitation, 'digsmoda.net', 'digsmoda.org') or any combination of words that include both the words 'digs' and 'moda' for any purpose whatsoever, including but not limited to redirecting traffic to other sites. Notwithstanding this Section 1.02.2.1(c), the Company and/or DIGS MODA.COM LLC shall retain ownership and the right, title and interest in the Domain Name digsmoda.com for the sole purpose of redirecting traffic from digsmoda.com to any new website and all other web related affiliates, placements, etc. operated by the Company and/or any entity in which Geralynn is a member, shareholder, or partner.

1.02.2.2     The rights granted by and between the Company, DIGS NYC LLC, Geralynn and the Rajwans under Sections 2.2.2, 2.8, and 2.9 of the Operating Agreement shall be amended and modified as follows:

a)     Notwithstanding anything in the Operating Agreement to the contrary, the Company shall have no option to purchase the Rajwans' right, title and interest in the Existing Store, it being expressly understood and agreed that that Rajwans will continue to hold one-hundred percent (100%) interest in DIGS NYC LLC.

b)     Sections 2.9.1, 2.9.2, and 2.9.4 are deleted in their entirety and superseded by the above Section 1.02.2.1 (a-c).

c)     Section 2.8 is modified as follows: All ownership, right, title and interest in and to any Company Intellectual Property Rights prior to or after the Effective Date shall be solely owned by the Company.

d)     Sections 2.8.1 and 2.8.3 are deleted in their entirety.

1.02.2.3     Geralynn and the Rajwans agree that all other provisions of the Operating Agreement shall be deemed amended and modified to delete the Rajwans therefrom, such that the Rajwans shall have no interest or involvement whatsoever in the Company after the Effective Date, including without limitation Article 3 of the Operating Agreement (Management).

1.02.2.4     The Rajwans explicitly, unequivocally, and permanently resign as Managers of DIGS MODA SOHO LLC, DIGS MODA GROUP, LLC, and DIGS MODA.COM LLC as of the Effective Date.

1.02.2.5     The Releases attached hereto as Schedule 1 shall be executed by the Rajwans personally, and they shall cause DIGS NYC LLC to execute the same.

3

1.02.2.6     The Rajwans, individually or jointly, and any entity in which the Rajwans, individually or jointly, are members, shareholders, partners, or in which either or both have any interest, or any entity affiliated with any entity in which the Rajwans, individually or jointly, have an interest, including without limitation DIGS NYC LLC, shall not use the following names in any manner whatsoever, commercial or otherwise: DIGS MODA GROUP, LLC; DIGS MODA GROUP; DIGS MODA SOHO LLC; DIGS MODA SOHO; DIGS MODA.COM LLC; and/or DIGS MODA.COM. It is expressly understood that each of these entities shall survive and be continued without dissolution to do business as the Company deems appropriate with all intellectual property rights and other rights in and to the same being retained by the Company, with only the agreement to cause a name change as set forth in section 1.03.2 below.

1.03     Transition Period. The time immediately following the Effective Date and running through and ending at the close of business on October 30, 2013 shall be the "Transition Period".

    1.03.1  Notwithstanding anything in this Agreement to the contrary, during the Transition Period, the Company shall continue to have the right to use the Trademarks and the Domain Name digsmoda.com as set forth in the Operating Agreement. The Company may, however, at an earlier date of its choosing, commence operations under a new name, with the Transition Period as relating to the usage of the Trademarks and the Domain Name digsmoda.com deemed to have ended upon such date (other than as set forth in 1.02.2.6 and 1.03.2). It is understood that at the end of the Transition Period the name 'Digs' shall be removed from signage on main door, the top window, flag, mat, projector image, hangers, and packaging.

    1.03.2  Prior to the conclusion of the Transition Period, the Company shall change its name to any new name chosen by the Company by amending its Articles of Organization by the filing of a Certificate of Amendment with the New York State Department of State, Division of Corporations. The Company shall cause DIGS MODA SOHO LLC to do the same. The Company (i.e., DIGS MODA GROUP, LLC) and DIGS MODA SOHO LLC shall be continued without dissolution, as this is a name change only. Further, DIGS MODA.COM LLC shall be continued without dissolution, and no name change is required.

1.04     All assets and liabilities of the Company remain the same unless specifically altered by this Agreement. Without limitation, It is explicitly agreed and understood that DIGS MODA SOHO LLC has an approximately $8,600 current liability relating to unredeemed gift cards for DIGS MODA SOHO LLC. It shall be the obligation of DIGS MODA SOHO LLC (in such name or in any changed name or successor) to honor such cards consistent with New York State law requirements during or after the Transition Period. The currently operating POS system will not be changed; and these cards will be redeemed in any succeeding name of DIGS MODA SOHO LLC. Further and without limitation, it is agreed and understood that the Ring Central account shall remain with the Company and/or DIGS MODA SOHO LLC.

1.05     Transfer Event. Subject to the terms and conditions contained in this Agreement, the

transfer, sale and full assignment of the Rajwans' Units contemplated hereby shall take place at a transfer event (the "Transfer Event") to be held at 10:00 a.m. on September 23, 2013 (the "Transfer Date") at the offices of Finkelstein Platt LLP, 11 Broadway, New York, New York 10004, or at such other place or time of day on September 23, 2013 as counsel for the parties hereto may mutually agree upon in writing.

1.06   Transfer Event Deliverables.

1.06.1   At the Transfer Event, counsel for each party shall deliver to each other four (4) originals of this Agreement signed by each of their respective clients and notarized where indicated.

1.06.2   At the Transfer Event, counsel for the Rajwans shall deliver to counsel for Geralynn an instrument of transfer (in the form attached hereto as Schedule 2), in which the Rajwans surrender, transfer and assign to Geralynn all of the Rajwans' Units, including all of the Rajwans' right, title and interest (including without limitation ownership and/or membership interest) in DIGS MODA GROUP, LLC (both the non-economic and economic interests), free and clear of any and all Encumbrances (as defined in Section 2.01(b), below).

1.06.3   At the Transfer Event, counsel for the Rajwans shall deliver to counsel for Geralynn a cashier's check made payable to "DIGS MODA GROUP, LLC" in the amount of $1,000, as required by Section 1.02.1 above.

1.06.4   At the Transfer Event, the Rajwans shall deliver original Releases in favor of Geralynn, the Company and DIGS MODA SOHO LLC, executed by each of the Rajwans individually and DIGS NYC LLC, in the forms attached hereto as Schedule 1.

1.07   Transfer Event Conditions.

1.07.1   Conditions to the Obligations of Geralynn. The obligations of Geralynn to receive the Rajwans' Units including without limitation all of the Rajwans' right, title and interest (including any ownership and/or membership interest) in and to DIGS MODA GROUP, LLC shall be subject to the occurrence of the following:

1.07.1.1   The representations and warranties of the Rajwans in Article II hereof being true and correct on and as of the Transfer Date with the same effect as though made at and as of such date.

1.07.1.2   The Rajwans deliver all Transfer Event Deliverables required by Section 1.06.

1.07.2   Conditions to the Obligations of the Rajwans. The obligations of the Rajwans to transfer the Rajwans' Units including all of the Rajwans' right, title and interest (including any ownership and/or membership interest) in and to DIGS MODA GROUP, LLC, shall be subject to the representations and warranties as set forth in Article II hereof being true and correct on and as of the Closing Date with the same effect as though made at and as of such date.

1.08   Voluntary Lifetime Transfer and Waiver of Notice; No Purchase Price or other

5

Consideration Other Than as Set Forth Herein and Other Waivers; Amendment of Operating Agreement. It is agreed by and between Geralynn and the Rajwans that the transfer of the Rajwans' Units effected herein shall be a Voluntary Lifetime Transfer pursuant to Section 6.3.1 of the Operating Agreement as such section is modified to effect this transfer pursuant to the terms of this Agreement unmodified by the Operating Agreement, and the parties hereto waive the notice requirement set forth therein and further agree that, notwithstanding anything in the Operating Agreement to the contrary, there shall be no Purchase Price for the Rajwans' Units, and the only consideration for the full transfer of the Rajwans' Units is as set forth herein under this Agreement, of which the sufficiency and receipt thereof is expressly acknowledged by the Rajwans, and that Sections 5.4 through 5.6 of the Operating Agreement are amended to effect the same. It is further agreed between Geralynn and the Rajwans that Section 6.6 of the Operating Agreement shall be deleted and waived, and that any other portion of the Operating Agreement that may be construed as otherwise impeding or negating the transfer of the Rajwans' Units pursuant to the terms of this Agreement or altering the terms hereof or providing for alternative consideration are deemed waived by the parties hereto and otherwise deleted from the Operating Agreement and shall have no effect on this transfer in any manner whatsoever and the Operating Agreement is expressly amended by the relevant superseding terms of this Agreement made by the unanimous written approval of the Members represented by their signature to this Agreement. The applicability and generality of the preceding shall not be limited by any amendment to a specific section of the Operating Agreement in this Agreement.

1.09 Actions by Consent. By executing this Agreement, it is agreed by and between Geralynn and the Rajwans that the Agreement and all agreements herein and action taken hereby shall be deemed Action(s) by Consent of all Members pursuant to Section 2.9 of the Operating Agreement and no meeting of the Members shall be required to effect this transaction and the agreements and actions herein.

1.10 Each of the Rajwans and Geralynn individually and collectively on behalf of the Company, hereby waive the requirements of Section 6.5 of the Operating Agreement to the extent that it requires an opinion letter from counsel.

## ARTICLE II
## REPRESENTATIONS AND WARRANTIES

2.01 By the Rajwans. The Rajwans represent and warrant to Geralynn as follows:

(a) There are no actions, suits, claims, investigations or other legal proceedings pending or, to the knowledge of the Rajwans, threatened against or by the Rajwans, that challenge or seek to prevent, enjoin or otherwise delay the transactions contemplated by this Agreement.

(b) The Rajwans' Membership Units are owned of record and beneficially by the Rajwans, free and clear of all liens, pledges, security interests, charges, claims, encumbrances, agreements, options, voting trusts, proxies and other arrangements or restrictions of any kind (collectively, the "Encumbrances") other than as set forth in the Security Agreements relating to the Initial Geralynn Loan. Upon consummation

of the transactions contemplated by this Agreement, Geralynn shall own all of the Rajwans' Units (both the economic and non-economic interests therein), including all of the Rajwans' right, title, and interest (including without limitation ownership and/or membership interests) in DIGS MODA GROUP, LLC, free and clear of all Encumbrances.

(c)  There has been no petition in bankruptcy or other insolvency proceeding filed by or against the Rajwans, nor have the Rajwans made any assignment for the benefit of creditors.  The Rajwans are not insolvent, and shall not be rendered insolvent by the transactions contemplated by this Agreement.

(d)  The Rajwans have all requisite power and authority to execute and deliver this Agreement, to carry out its obligations hereunder, and to consummate the transactions contemplated hereby. This Agreement has been duly executed and delivered by the Rajwans and constitutes the Rajwans' legal, valid and binding obligations, enforceable against the Rajwans, in accordance with its terms.

(e)  The Rajwans are the sole members, managers and owners of DIGS NYC LLC and have all requisite power and authority to act on behalf of and bind DIGS NYC LLC. The Rajwans are not members, shareholders, partners, managers, officers or directors of any other entities.

(f)  The execution, delivery and performance by the Rajwans of this Agreement do not conflict with, violate or result in the breach of, or create any Encumbrance on the Rajwans' Units pursuant to any agreement, instrument, order, judgment, decree, law or governmental regulation to which the Rajwans individually or collectively are a party or is subject or by which the Rajwans' Membership Units are bound.

(g)  No governmental, administrative or other third party consents or approvals are required by or with respect to the Rajwans in connection with the execution and delivery of this Agreement and the consummation of the transactions contemplated hereby.

(h)  There are no actions, suits, claims, investigations or other legal proceedings pending or, to the knowledge of the Rajwans, threatened against or by the Rajwans that challenge or seek to prevent, enjoin or otherwise delay the transactions contemplated by this Agreement.

(i)  No broker, finder or investment banker is entitled to any brokerage, finder's or other fee or commission in connection with the transactions contemplated by this Agreement based upon arrangements made by or on behalf of the Rajwans.

(j)  The Rajwans have not incurred or attempted to incur any liability on behalf of the Company or DIGS MODA SOHO LLC that Geralynn has not previously approved.

2.02   <u>By Geralynn</u>.  Geralynn hereby represents and warrants as follows:

(a)  There are no actions, suits, claims, investigations or other legal proceedings pending or, to the knowledge of Geralynn, threatened against or by Geralynn, that challenge or

seek to prevent, enjoin or otherwise delay the transactions contemplated by this Agreement.

(b) Geralynn has all requisite power and authority to execute and deliver this Agreement, to carry out its obligations hereunder, and to consummate the transactions contemplated hereby. This Agreement has been duly executed and delivered by Geralynn and constitutes Geralynn's, valid and binding obligations, enforceable against Geralynn, in accordance with its terms.

(c) No governmental, administrative or other third party consents or approvals are required by or with respect to Geralynn in connection with the execution and delivery of this Agreement and the consummation of the transactions contemplated hereby.

(d) No broker, finder or investment banker is entitled to any brokerage, finder's or other fee or commission in connection with the transactions contemplated by this Agreement based upon arrangements made by or on behalf of Geralynn.

## ARTICLE III
## CONFIDENTIALITY/NON-DISPARAGEMENT

3.01    The parties hereto agree to keep confidential and not to disclose to any third party the terms and conditions of this Agreement, or any of the negotiations and discussions that preceded the making and entering into of this Agreement, except as follows, in which cases the parties hereto shall seek like confidential treatment by any receiving party: (i) as is necessary to effectuate any term or provision of this Agreement, including without limitation any subsequent litigation to enforce this Agreement; (ii) to a party's accountants, attorneys, financial advisors or immediate family members; and (iii) as required by law, including without limitation upon compulsory legal process upon notice to the other parties hereto sufficiently in advance of the requested disclosure in order to permit any party hereto to seek a protective order, to the fullest extent such notice is lawful.

3.02    Each of the parties hereto agrees not to make any statements, written or verbal, or cause or encourage others to make any statements, written or verbal, that defame, disparage or in any way criticize the personal or business reputation, practices, or conduct of any other party hereto, including without limitation each party's agents, employees, managers, members, directors, and/or officers.  The parties hereto acknowledge and agree that this prohibition extends to statements, written or verbal, made to anyone, including but not limited to, the news media, investors, potential investors, any board of directors or advisory board of directors, industry analysts, competitors, strategic partners, vendors, past, present, potential and future employees, and former, existing, potential and future customers.  The parties hereto understand and agree that this paragraph is a material provision of this Agreement and that any breach of this section 3.02 shall be a material breach of this Agreement, and that each party would be irreparably harmed by violation of this provision.

## ARTICLE IV
## OTHER AGREEMENTS

4.01   The Rajwans personally owe the Company $35,308.23, of which $1,000.00 shall be paid by the Rajwans to the Company on or before October 30, 2013 (by delivery to Christopher J. Platt, Esq. at the address set forth in Section 5.01 below) by cashier's check made payable to "DIGS MODA GROUP, LLC" (the "A/R Payment"), and the Company shall agree to forgive the unpaid balance of the above value of the Rajwans' personal liability to the Company (conditioned also on timely receipt of the other Rajwans' payments required by this Article 4) by executing the Release attached hereto as Schedule 3. One (1) original of the Release attached as Schedule 3, shall be executed with the execution of this Agreement and held in escrow by Christopher J. Platt, Esq., and shall be delivered from Christopher J. Platt, Esq., to counsel for the Rajwans', Daniel Perlman, Esq., at the address set forth in Section 5.01 below within five (5) days following receipt of the A/R Payment and all other payments from the Rajwans as required by this Article 4. If, however, the A/R Payment and all the other payments required by this Article 4 are not received on or before October 30, 2013, then acceptance of such payments shall be at the sole discretion of the Company, and the Release attached as Schedule 3 shall be ineffective unless or until all payments required by this Article 4 are accepted by the Company (and/or DIGS MODA SOHO LLC and/or Geralynn), and the Company and DIGS MODA SOHO LLC and Geralynn accordingly reserve all rights, remedies and defenses regarding the same.

4.02   The Rajwans shall pay, by cashier's check made payable to "DIGS MODA SOHO LLC ", the amount of  $4,232.55 ($3,382.55 for materials, and $850.00 for installation) on or before October 30, 2013 (by delivery from Daniel Perlman, Esq. to Christopher J. Platt, Esq. at the address set forth in Section 5.01 below) (the "Wallpaper Removal Payment") in exchange for the Company's agreement to cause DIGS MODA SOHO LLC to replace the wallpaper in the store operated by DIGS MODA SOHO LLC (specifically the wallpaper in the store and bathroom). If, however, the Wallpaper Removal Payment is not received on or before October 30, 2013, then acceptance of such payment shall be at the sole discretion of the Company and/or DIGS MODA SOHO LLC. In connection with the above, DIGS MODA SOHO LLC shall deliver to Daniel Perlman, Esq. (at the address set forth in Section 5.01) the unused stock of DIGS MODA SOHO LLC wallpaper in its possession within five (5) days following receipt and acceptance of the Wallpaper Removal Payment pursuant to this Section 4.02. Pending receipt and acceptance of the Wallpaper Removal Payment, the Company and DIGS MODA SOHO LLC accordingly reserve all rights, remedies and defenses regarding the same.

4.03   The Rajwans shall deliver a cashier's check made payable to "DIGS MODA SOHO LLC" in the amount of $1,000 to reimburse the cost of certain accounting fees, and a cashier's check made payable to "Geralynn Madonna" in the amount of $1,000.00 to reimburse the cost of certain of Geralynn's legal fees. Both aforementioned checks shall be delivered from Daniel Perlman, Esq. to Christopher J. Platt, Esq. at the address set forth in Section 5.01 below on or before October 30, 2013. If, however, the aforementioned payments are not received on or before October 30, 2013, then acceptance of such payments shall be at the sole discretion of the Company, DIGS MODA SOHO LLC, and Geralynn, and the Release attached as Schedule 3 shall be ineffective unless or until all payments required by this Article 4 are accepted by the Company (and/or DIGS MODA SOHO LLC, and/or Geralynn), and the Company and DIGS MODA SOHO LLC and Geralynn accordingly reserve all rights, remedies and

defenses regarding the same.

4.04    Any failure by the Rajwans to make any payments required by this Article 4 shall not have any effect on the validity of the Transfer the Rajwans' Units, including all of the Rajwans' right, title and interest (including any ownership and/or membership interest) in and to DIGS MODA GROUP, LLC, as set forth in this Agreement.

## ARTICLE V
## MISCELLANEOUS

5.01    <u>Notices</u>. All notices, requests, consents and other communications hereunder to any party shall be deemed to be sufficient if contained in a written instrument delivered by a nationally recognized overnight courier, addressed to such party at the address set forth below or such other address as may hereafter be designated in writing by such party to the other parties in accordance with this Section 5.01:

if to Geralynn, to:
>Ms. Geralynn Madonna
>330 East 38th Street
>Apt. 24-O
>New York, NY 10016

with a copy to:
>Christopher J. Platt, Esq.
>Finkelstein Platt LLP
>11 Broadway, Suite 615
>New York, New York 10004

if to the Rajwans, to:
>Bhinda Rajwans
>229 West 60th Street
>Apt. 3B
>New York, NY 10023

with a copy to:
>Daniel S. Perlman, Esq.
>160 Broadway, 4th Floor
>New York, New York 10038

All such notices, requests, demands, waivers and other communications shall be deemed to have been given and received on the day delivered by the reputable overnight delivery service.

5.02    <u>Amendments, Waivers</u>. This Agreement shall not be amended, modified or supplemented except by a written instrument signed by each of the parties hereto.  The failure of any party at any time or times to require performance of any provision of this Agreement shall in no manner affect the rights at a later time to enforce the same.  No waiver by any party of the breach of any term contained in this Agreement, whether by conduct or

10

otherwise, in any one or more instances, shall be deemed to be or construed as a further or continuing waiver of any such breach or the breach of any other term of this Agreement.

5.03   Severability. If the final determination of a court of competent jurisdiction declares, after the expiration of the time within which judicial review (if permitted) of such determination may be perfected, that any term or provision hereof is invalid or unenforceable, (a) the remaining terms and provisions hereof shall be unimpaired and (b) the invalid or unenforceable term or provision shall be deemed replaced by a term or provision that is valid and enforceable and that comes closest to expressing the intention of the invalid or unenforceable term or provision.

5.04   Third Party Beneficiaries. Nothing in this Agreement is intended to confer upon any third party any rights, remedies, obligations or liabilities under or by reason of this Agreement.

5.05   Representatives, Successors and Assigns. This Agreement shall be binding upon and inure to the benefit of the respective parties hereto and their respective heirs, legatees, legal representatives, successors and assigns.

5.06   Governing Law/Jurisdiction. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to New York's conflicts of laws principle.  The parties hereto agree that this Agreement shall be enforced and any disputes relating to the Agreement shall be resolved exclusively in a court of competent jurisdiction located in the State of New York, County of New York.

5.08   Survival. All representations, warranties and covenants contained in this Agreement shall survive the execution and delivery of this Agreement and the transfer hereunder.

5.09   Expenses. Unless otherwise specified, all costs and expenses (including all fees and disbursements of counsel, financial advisors and accountants) incurred in connection with the negotiation and preparation of this Agreement, the performance of the terms of this Agreement and the consummation of the transactions contemplated by this Agreement, shall be paid by the respective parties incurring such costs and expenses.

5.10   Further Assurances. Each party shall execute, deliver, acknowledge and file such other documents and take such further actions as may be reasonably requested from time to time by the other party hereto to give effect to and carry out the transactions contemplated herein.

5.11   Counterparts. This Agreement may be executed in any number of counterparts, including electronic counterparts, each of which shall be deemed an original, but all such counterparts shall together constitute but one and the same instrument, it being understood that both parties need not sign the same counterpart. Signatures on a PDF document shall be deemed originals.

5.13   Entire Agreement. This Agreement and the documents, schedules and exhibits referred to herein contain the entire understanding of the parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, among the parties with respect to the subject matter hereof.

5.14   Construction. Each party hereto recognizes that this Agreement is a legally binding contract and acknowledges that he or she has had the opportunity to consult with legal counsel of choice. In any construction of the terms of this Agreement, the same shall not be construed against any party on the basis of that party being the drafter of such terms.

5.15   Interpretation. The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

5.16   Assignment. Neither this Agreement nor any of the rights or obligations hereunder shall be assigned by any of the parties hereto without the prior written consent of the other parties.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed and delivered in their respective names as of the date and year first written above.

MEMBERS:

_____
Geralynn Madonna


_____
Evanthia Rajwans


_____
Bhinda Rajwans


The term of this Agreement that relate to DIGS MODA GROUP, LLC are expressly acknowledged, agreed and approved:

DIGS MODA GROUP, LLC

By: _____
Geralynn Madonna, CEO


The term of this Agreement that relate to DIGS MODA SOHO LLC are expressly acknowledged, agreed and approved:

DIGS MODA SOHO LLC

By: _____
Geralynn Madonna, Managing Member

12

5.14   <u>Construction.</u> Each party hereto recognizes that this Agreement is a legally binding contract and acknowledges that he or she has had the opportunity to consult with legal counsel of choice.  In any construction of the terms of this Agreement, the same shall not be construed against any party on the basis of that party being the drafter of such terms.

5.15   <u>Interpretation.</u> The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

5.16   <u>Assignment.</u> Neither this Agreement nor any of the rights or obligations hereunder shall be assigned by any of the parties hereto without the prior written consent of the other parties.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed and delivered in their respective names as of the date and year first written above.

MEMBERS:

_____
Geralynn Madonna

_____
Evanthia Rajwans

_____
Bhinda Rajwans

The term of this Agreement that relate to DIGS MODA GROUP, LLC are expressly acknowledged, agreed and approved:

DIGS MODA GROUP, LLC

By: _____
      Geralynn Madonna, CEO

The term of this Agreement that relate to DIGS MODA SOHO LLC are expressly acknowledged, agreed and approved:

DIGS MODA SOHO LLC

By: _____
      Geralynn Madonna, Managing Member

12

The term of this Agreement that relate to DIGS NYC LLC
are expressly acknowledged, agreed and approved:

DIGS NYC LLC

By: _____
          Bhinda Rajwans,

## ACKNOWLEDGMENTS

STATE OF NEW YORK            )
                             )ss.:
COUNTY OF NEW YORK           )

On the 25 day of _____, 2013, before me personally came **Evanthia Rajwans**, to me known and known to
me to be the individual described in and who executed the foregoing MEMBERSHIP TRANSFER AGREEMENT,
and she acknowledged to me that she executed the same.

NOTARY PUBLIC
ANTHONY I. INDELICATO
Notary Public, State Of New York
No. 01IN6069303
Qualified In Kings County
Commission Expires Aug. 27, 20 17

STATE OF NEW YORK            )
                             )ss.:
COUNTY OF NEW YORK           )

On the 25 day of Sep, 2013, before me personally came **Bhinda Rajwans**, to me known and known to me
to be the individual described in and who executed the foregoing MEMBERSHIP TRANSFER AGREEMENT, and
he acknowledged to me that she executed the same.

DANIEL S. PERLMAN
Notary Public, State of New York
No. 02PE4819794
Qualified in New York County
Commission Expires November 30, 201 4

NOTARY PUBLIC

STATE OF NEW YORK            )
                             )ss.:
COUNTY OF NEW YORK           )

On the ____ day of _____, 2013, before me personally came **Geralynn Madonna**, to me known and known to
me to be the individual described in and who executed the foregoing MEMBERSHIP TRANSFER AGREEMENT,
and she acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

13

The term of this Agreement that relate to DIGS NYC LLC
are expressly acknowledged, agreed and approved:

DIGS NYC LLC


By: _____
       Bhinda Rajwans,


<strong>ACKNOWLEDGMENTS</strong>

STATE OF NEW YORK        )
                                 )ss.:
COUNTY OF NEW YORK     )

On the ____ day of _____, 2013, before me personally came <u>Evanthia Rajwans,</u> to me known and known to
me to be the individual described in and who executed the foregoing MEMBERSHIP TRANSFER AGREEMENT,
and she acknowledged to me that she executed the same.


_____
              NOTARY PUBLIC


STATE OF NEW YORK        )
                                 )ss.:
COUNTY OF NEW YORK     )

On the ____ day of _____, 2013, before me personally came **Bhinda Rajwans**, to me known and known to me
to be the individual described in and who executed the foregoing MEMBERSHIP TRANSFER AGREEMENT, and
he acknowledged to me that she executed the same.


_____
              NOTARY PUBLIC


STATE OF NEW YORK        )
                                 )ss.:
COUNTY OF NEW YORK     )

On the 25th day of Sept. , 2013, before me personally came **Geralynn Madonna**, to me known and known to
me to be the individual described in and who executed the foregoing MEMBERSHIP TRANSFER AGREEMENT,
and she acknowledged to me that she executed the same.


_____
              NOTARY PUBLIC

CHRISTOPHER J. PLATT
Notary Public, State of New York
No. 02PL6036168
Qualified in New York County
Commission Expires Jan. 18, 2010
Apr. 19, 2014

13

STATE OF NEW YORK          )
                          )ss.:
COUNTY OF NEW YORK         )

On the ____ day of _____, 2013, before me personally came _____, to me known and who was by me duly sworn, did depose and say that deponent's business address is _____, that deponent is the _____ of **DIGS NYC LLC**, the entity described herein, and executed the foregoing on behalf of and with appropriate authority from **DIGS NYC LLC**.

                                    _____
                                            NOTARY PUBLIC


STATE OF NEW YORK          )
                          )ss.:
COUNTY OF NEW YORK         )

On the 25th day of Sept., 2013, before me personally came Geralynn Madonna to me known and who was by me duly sworn, did depose and say that deponent's business address is 284 Lafayette St., NY NY 10012_____, that deponent is the CEO____ of **DIGS MODA GROUP, LLC**, the entity described herein, and executed the foregoing on behalf of and with appropriate authority from **DIGS MODA GROUP, LLC**.

                                    _____
                                            NOTARY PUBLIC
                                    CHRISTOPHER J. PLATT
                                    Notary Public, State of New York
                                    No. 02PL6036168
                                    Qualified in New York County
                                    Commission Expires Jan. 18, 2010
                                                        Apr. 19, 2014


STATE OF NEW YORK          )
                          )ss.:
COUNTY OF NEW YORK         )

On the 25th day of Sept., 2013, before me personally came Geralynn Madonna to me known and who was by me duly sworn, did depose and say that deponent's business address is 284 Lafayette St. NY NY 10012_____, that deponent is the Managing Member of **DIGS MODA SOHO LLC**, the entity described herein, and executed the foregoing on behalf of and with appropriate authority from **DIGS MODA SOHO LLC**.

                                    _____
                                            NOTARY PUBLIC

                                    CHRISTOPHER J. PLATT
                                    Notary Public, State of New York
                                    No. 02PL6036168
                                    Qualified in New York County
                                    Commission Expires Jan. 18, 2010
                                                        Apr. 19, 2014

14

STATE OF NEW YORK          )
                           )ss.:
COUNTY OF NEW YORK         )

On the 25 day of _Sept_, 2013, before me personally came _Bhanti Nirma_, to me known and who was by me duly sworn, did depose and say that deponent's business address is _____, that deponent is the _____ of **DIGS NYC LLC**, the entity described herein, and executed the foregoing on behalf of and with appropriate authority from **DIGS NYC LLC**.

_____
NOTARY PUBLIC

DANIEL S. PERLMAN
Notary Public, State of New York
No. 02PE4819794
Qualified in New York County
Commission Expires November 30, 2014

STATE OF NEW YORK          )
                           )ss.:
COUNTY OF NEW YORK         )

On the ___ day of _____, 2013, before me personally came _____, to me known and who was by me duly sworn, did depose and say that deponent's business address is _____, that deponent is the _____ of **DIGS MODA GROUP, LLC,** the entity described herein, and executed the foregoing on behalf of and with appropriate authority from **DIGS MODA GROUP, LLC.**

_____
NOTARY PUBLIC

STATE OF NEW YORK          )
                           )ss.:
COUNTY OF NEW YORK         )

On the ___ day of _____, 2013, before me personally came _____, to me known and who was by me duly sworn, did depose and say that deponent's business address is _____, that deponent is the _____ of **DIGS MODA SOHO LLC,** the entity described herein, and executed the foregoing on behalf of and with appropriate authority from **DIGS MODA SOHO LLC.**

_____
NOTARY PUBLIC

14

SCHEDULE 1

## GENERAL RELEASE

### TO ALL WHOM THESE PRESENTS SHALL COME OR MAY CONCERN,

**KNOW THAT EVANTHIA RAJWANS ("EVA") and BHINDA RAJWANS ("BHINDA") (EVA AND BHINDA TOGETHER, THE "RAJWANS"), as RELEASOR,** in consideration of the sum of Ten Dollars ($10) and other good and valuable consideration received from **DIGS MODA GROUP, LLC ("DIGS MODA GROUP ") as RELEASEE,** of which the receipt and sufficiency thereof is acknowledged, does hereby remise, release, settle, compromise and forever discharge and acquit by these presents, for itself and its affiliates, successors and assigns, **DIGS MODA GROUP, DIGS MODA SOHO LLC, DIGS MODA.COM LLC,** and **GERALYNN MADONNA** and the parents, shareholders, subsidiaries, affiliates, officers, directors, members, members of its members, employees, attorneys, heirs, executors, administrators, insurers, lenders, agents, successors and assigns of each of them (collectively, the "Releasees") from and against any and all actions, claims for relief, causes of action, suits, liabilities, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, claims and demands, at law or equity, whatsoever and whether known or unknown, or should have known, which against the Releasees, RELEASOR ever had, now has or hereafter can, shall or may have, for, upon, or by reason of any matter or thing whatsoever from the beginning of the world to the date of this Release.

IN WITNESS WHEREOF, the RELEASOR has caused this RELEASE to be executed on the _____ day of _____, 2013.

**EVANTHIA RAJWANS**                                    **BHINDA RAJWANS**

_____          _____


### ACKNOWLEDGMENT

STATE OF NEW YORK              )
                               )ss.:
COUNTY OF NEW YORK            )

On the _____ day of _____, 2013, before me personally came Evanthia Rajwans, to me known and known to me to be the individual described in and who executed the foregoing RELEASE, and she acknowledged to me that she executed the same.

                                         _____
                                         NOTARY PUBLIC


STATE OF NEW YORK              )
                               )ss.:
COUNTY OF NEW YORK            )

On the _____ day of _____, 2013, before me personally came Bhinda Rajwans, to me known and known to me to be the individual described in and who executed the foregoing RELEASE, and he acknowledged to me that she executed the same.

                                         _____
                                         NOTARY PUBLIC

## GENERAL RELEASE

### TO ALL WHOM THESE PRESENTS SHALL COME OR MAY CONCERN,

**KNOW THAT DIGS NYC LLC**, a limited liability company, organized and existing under and by virtue of the laws of the State of New York, together with its affiliates and or principal(s) as **RELEASOR,** in consideration of the sum of Ten Dollars ($10) and other good and valuable consideration received from **DIGS MODA GROUP, LLC ("DIGS MODA GROUP ") as RELEASEE,** of which the receipt and sufficiency thereof is acknowledged, does hereby remise, release, settle, compromise and forever discharge and acquit by these presents, for itself and its affiliates, successors and assigns, **DIGS MODA GROUP, DIGS MODA SOHO LLC, DIGS MODA.COM LLC, and  GERALYNN MADONNA** and the parents, shareholders, subsidiaries, affiliates, officers, directors, members, members of its members, employees, attorneys, heirs, executors, administrators, insurers, lenders, agents, successors and assigns (collectively, the "Releasees") from and against any and all actions, claims for relief, causes of action, suits, liabilities, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, claims and demands, at law or equity, whatsoever and whether known or unknown, or should have known, which against the Releasees, RELEASOR ever had, now has or hereafter can, shall or may have, for, upon, or by reason of any matter or thing whatsoever from the beginning of the world to the date of this Release.

IN WITNESS WHEREOF, the RELEASOR has caused this RELEASE to be executed by its duly authorized officer on the _____ day of _____, 2013.

**DIGS NYC LLC**

By: _____

Name: _____

Title: _____

### ACKNOWLEDGMENT

STATE OF NEW YORK          )
                                 )ss.:
COUNTY OF NEW YORK     )

On the _____ day of _____, 2013, before me personally came _____, to me known and who was by me duly sworn, did depose and say that deponent's business address is _____, that deponent is the _____ of _____, the entity described herein, and executed the foregoing RELEASE on behalf of and with appropriate authority from _____.

_____
NOTARY PUBLIC

SCHEDULE 2

# SCHEDULE 2

### TRANSFER AND ASSIGNMENT

FOR VALUE RECEIVED pursuant to the Membership Transfer Agreement executed by the Rajwans and Geralynn Madonna as of September 23, 2013 (the "Membership Transfer Agreement"), Evanthia Rajwans ("Eva"), and Bhinda Rajwans ("Bhinda") (Eva and Bhinda together, the "Rajwans") owner of 50 Units of DIGS MODA GROUP, LLC, a New York limited liability company (the "Company"), which represents a 50% interest in the Company (the "Rajwans' Membership Interest"), hereby sells, assigns and transfers, and sets over unto Geralynn Madonna, free of all encumbrances, effective from and including the date below, all of the Rajwans' right, title and interest in and to the Company, including, without limitation, all of the Rajwans' Membership Interest in the Company together with any and all benefits, advantages, privileges and rights relating thereto or arising and flowing therefrom.

The Rajwans represent that all representations and warranties required by Article II of the Membership Transfer Agreement are true and correct on the date set forth below, and such representations and warranties are incorporated herein and made a part of this instrument by reference.

This assignment shall be effective as of the date set forth below. Hereafter, the Rajwans shall neither be a member nor an owner of the Company and shall without limitation have no right to receive from the Company any share of profits, losses and/or distributions (including, without limitation, any right of return from the Company upon its dissolution) to which the Rajwans would otherwise be entitled absent this instrument. From time to time hereafter, and upon request, the Rajwans shall execute, acknowledge and deliver such other instruments and documents as reasonably may be requested to more effectively transfer and vest in Geralynn Madonna the Rajwans' Membership Interest including without limitation the Rajwans' Membership Units if necessary or to otherwise carry out the terms and conditions of the Membership Transfer Agreement executed by the Rajwans and Geralynn Madonna as of September 23, 2013.

Dated: September 23, 2013

_____                    _____
Evanthia Rajwans                                                            Bhinda Rajwans

### ACKNOWLEDGMENT

STATE OF NEW YORK              )
                                                  )ss.:
COUNTY OF NEW YORK          )

On the ____day of _____, 2013, before me personally came <u>Evanthia Rajwans</u>, to me known and known to me to be the individual described in and who executed the foregoing TRANSFER AND ASSIGNMENT, and she acknowledged to me that she executed the same.

                                                          _____
                                                          NOTARY PUBLIC

STATE OF NEW YORK              )
                                                  )ss.:
COUNTY OF NEW YORK          )

On the ____day of _____, 2013, before me personally came Bhinda Rajwans, to me known and known to me to be the individual described in and who executed the foregoing TRANSFER AND ASSIGNMENT, and he acknowledged to me that she executed the same.

                                                          _____
                                                          NOTARY PUBLIC

1

SCHEDULE 3

## RELEASE

### TO ALL WHOM THESE PRESENTS SHALL COME OR MAY CONCERN,

**KNOW THAT DIGS MODA SOHO LLC,** a limited liability company, organized and existing under and by virtue of the laws of the State of New York, together with its affiliates and or principal(s) as **RELEASOR,** in consideration of the sum of One Thousand and 00/100 Dollars ($1,000) and other good and valuable consideration received from **EVANTHIA RAJWANS ("EVA") and BHINDA RAJWANS ("BHINDA") (EVA AND BHINDA TOGETHER, THE "RAJWANS"), as RELEASEE,** of which the receipt and sufficiency thereof is acknowledged, does hereby remise, release, settle, compromise and forever discharge and acquit by these presents, for itself and its affiliates, successors and assigns, **the RAJWANS** and their employees, attorneys, heirs, executors, administrators, insurers, lenders, agents, successors and assigns (collectively, the "Releasees") from and against any and all actions, claims for relief, causes of action, suits, liabilities, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, claims and demands, at law or equity, whatsoever and whether known or unknown, or should have known, which against the Releasees, RELEASOR ever had, now has or hereafter can, shall or may have, for, upon, or by reason of any matter or thing whatsoever from the beginning of the world to the date of this Release, arising out of or relating to the **RAJWANS** personal liability or alleged personal liability to **RELEASOR** set forth on the attached Exhibit 1.

IN WITNESS WHEREOF, the RELEASOR has caused this RELEASE to be executed by its duly authorized officer on the _____ day of _____, 2013.

**DIGS MODA SOHO LLC**

By: _____

Name: _____

Title: _____

### ACKNOWLEDGMENT

STATE OF NEW YORK )
                      )ss.:
COUNTY OF NEW YORK )

On the _____ day of _____, 2013, before me personally came _____, to me known and who was by me duly sworn, did depose and say that deponent's business address is _____, that deponent is the _____ of _____, the entity described herein, and executed the foregoing RELEASE on behalf of and with appropriate authority from _____.

_____
NOTARY PUBLIC

EXHIBIT 1

Rajwans Personal DEBT to Co.

| DATE | AMOUNT | CHARGE | | | |
|---|---|---|---|---|---|
| DEC–MARCH | $ 10,764.42 | THIS INFORMATION WAS SENT TO YOU MANY TIMES IN VARIOUS FORMATS  EXCEL+ HARD COPIES-here are the topline details | | | |
| 2011 | | | | | |
| BAGS | | $ 7,660.98 | 30% $ | 2,296.29 | WE HAD AGREED TO 30/70 SPLIT, You ENDED UP TAKING 50% OF THE BAGS, BUT, I KEPT AT 30% since that was our agreement |
| CUSTOMS FOR BAGS | | $ 970.00 | 30% $ | 291.00 | |
| UPS FOR BAGS | | $ 2,438.48 | 30% $ | 731.54 | |
| TISSUE PAPER | | $ 782.00 | 30% $ | 234.60 | |
| HANGERS took 50 at 4.97 each | | | $ | 248.50 | purchased 200 regular hangers for SOHO and kept 150 - 3rd took 50 - 3 were damaged and not replaced |
| | | | | | Also, if name cannot be taken off, need the replacement value |
| LABELS | | $ 535.00 | 30% $ | 160.50 | 2nd placement of labels, first were supposedly stolen along with a 1/3 of 30% initial orders at the temp warehouse |
| STYLE CARDS | | $ 898.00 | 30% $ | 269.40 | SOHO PAID FOR ALL ADS FOR PERSONEL FOR BOTH STORES, ALSO you CHARGED CRAIGSLIST TWICE FOR STAFF FOR 3RD ONLY AND DID NOT INCLUDE |
| LOVE STITCH INV #46864 (SOHO PAID & GOODS WENT TO 3RD) | | $ 379.01 | $ | 379.01 | Bhinda gave me invoice and indicated that it was another mistake on vendors part and he would pay back |
| NYC GO 2012 MEMBER SHIP FOR 3RD AVENUE APPROVED BY EVA | | | $ | 600.00 | SOHO PAID $1500 ON  SOHO AE CARD $900 FOR FLAGSHIP AND $600 FOR 3RD. I asked Eva before placing and she said to do it and add to the alt. |
| | | | | | |
| MERCH TRANSFERS DECEMBER 2011 | | | | | |
| TRENCH COAT | | $ 51.00 | 1 $ | 51.00 | ALL TRANSFERS PRIOR TO FEBRUARY 2012 WERE DONE AT THE POS SYSTEM, Chg  to you was $0  we have receipts from pos). .. WAS INTERFERING WITH SALES REPORTS SO Ct |
| CROP LEATHER JACKET | | $ 68.00 | 1 $ | 68.00 | to monthly invoicing and deductions from in |
| LACE JACKET | | $ 26.00 | 6 $ | 156.00 | |
| SLVLS WRAP DRESS | | $ 33.00 | 6 $ | 198.00 | |
| LEGGINGS | | $ 6.50 | 6 $ | 39.00 | |
| LEGGINGS | | $ 9.50 | 4 $ | 38.00 | |
| LEGGINGS | | $ 9.50 | 4 $ | 38.00 | |
| LEGGINGS | | $ 13.00 | 4 $ | 52.00 | |

| | MERCH TRANSFERS + PAYMENTS MADE BY DIGS SOHO ON AE CARD AND GOODS WENT TO 3RD(Bhinda said it was a mistake and would reimburse) - DETAILS GIVEN MONTHLY TO THE YOU AND EA. MONTH YOU SAIL | | |
|---|---|---|---|
| 2012 | | | INVENTORY SYSTEM REFLECTS ALL TRANSFERS + I OBVIOUSLY HAVE DETAILS OF EACH MONTH  to back these with item, style # and cost). |
| JANUARY | $ 1,672.00 | $ | 1,672.00 |
| FEBRUARY | $ 1,416.07 | $ | 1,416.07 |
| MARCH | $ 1,823.50 | $ | 1,823.50 |
| | | $ | 10,764.42 |

| | | | |
|---|---|---|---|
| APRIL | $ | 241.75 | |
| MAY | $ | 168.00 | |
| JUNE | $ | 263.75 | |
| JULY | $ | 72.00 | |
| AUGUST | $ | 228.00 | |
| SEPTEMBER | $ | 181.00 | |
| OCTOBER | $ | 22.00 | |
| NOVEMBER | $ | 22.00 | |
| DECEMBER | $ | 11.00 | |
| 2013 | | | |
| JANUARY | $ | 11.00 | |
| FEBRUARY | $ | 96.75 | |
| MARCH | $ | 42.00 | |
| APRIL | $ | 81.75 | |
| MAY | $ | 63.00 | |
| JUNE/JULY | | | YOU TOOK DAMAGED BACK AND NEVER REPLACED...WILL GET THE DETAILS FROM THE SYSTEM + add |
| sub-total | $ | 12,268.42 | |
| partial freight charges | $ | 858.79 | Freight averaged 15-30% + many times Soho had to pay messenger and freight when goods went to 3rd |
| 7% | | | but am charging you only 7% |
| trademark filing for DIGS TRADEMARK | $ | 1,330.00 | Rajwans charged to DIGS MODA SOHO AE card |
| LEGAL SETTLEMENT FOR IP DISC. | $ | 1,460.00 | All should have been settled by you and transferred to Newco immediately upon signing, Barton charged - $4500, I made settlement and lawyer took loss |

health ins premiums

| | | | |
|---|---|---|---|
| 867.64*3 aug/sept/oct | $ | 2,602.92 | |
| november premium | $ | 974.47 | |
| december premium | $ | 974.47 | |
| Jan premium | $ | 974.47 | |
| Feb premium | $ | 974.47 | |
| March prem | $ | 974.47 | |
| April Prem | $ | 974.47 | |
| MAY PREM | $ | 974.47 | |
| JUNE PREM | $ | 974.47 | |
| JULY PREM | $ | 974.47 | |

promotional items taken

| | | | | |
|---|---|---|---|---|
| nail polish $3750 | 30% | $ | 1,125.00 | |
| mirrors  $550 | 30% | $ | 165.00 | |
| postcards $1487.09 | 30% | $ | 446.13 | |

LA Trip Feb 2013

| | | | | |
|---|---|---|---|---|
| travel 1022 | 50% | $ | 511.00 | TOTAL TRIP WAS 3500 AND BUYS WERE ONLY 4500 for Soho YOU AGREED TO PAY HALF |
| hotel 1977.22 | 50% | $ | 988.61 | |
| car 380.36 | 50% | $ | 190.18 | |

LA TRIP  2011

| | | | | |
|---|---|---|---|---|
| AIR | 30% | $ | 212.82 | GOODS WERE OBVIOUSLY USED FOR BOTH STORES, SINCE YOU TOOK 30% (SEE ABOVE MONTHS AFTER OPENING) |
| AIR | 30% | $ | 212.82 | |
| HOTEL | 30% | $ | 774.32 | |

| | | | | |
|---|---|---|---|---|
| EUROPE TICKETS | | $ | 3,392.00 | DUE TO  3RD AVENUE STAFF ISSUES KEPT DELAYING TRIP - SOHO PAID FOR THE TICKETS |
| | | $ | 35,308.23 | |

# EXHIBIT F

# NYS Department of State

# Division of Corporations

## Entity Information

The information contained in this database is current through January 21, 2014.

Selected Entity Name: MADONNA & CO., LLC

Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | MADONNA & CO., LLC |
| **DOS ID #:** | 4139113 |
| **Initial DOS Filing Date:** | SEPTEMBER 07, 2011 |
| **County:** | NEW YORK |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC LIMITED LIABILITY COMPANY |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**

BARTON BARTON & PLOTKIN, LLP
420 LEXINGTON AVENUE
SUITE 1830
NEW YORK, NEW YORK, 10170

**Registered Agent**

NONE

This office does not require or maintain information regarding the names and addresses of members or managers of nonprofessional limited liability companies. Professional limited liability companies must include the name(s) and address (es) of the original members, however this information is not recorded and only available by viewing the certificate.

**\*Stock Information**

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|

No Information Available

*Stock information is applicable to domestic business corporations.

### Name History

| Filing Date | Name Type | Entity Name |
|---|---|---|
| OCT 09, 2013 | Actual | MADONNA & CO., LLC |
| SEP 07, 2011 | Actual | DIGS MODA SOHO LLC |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results  New Search

Services/Programs   |   Privacy Policy   |   Accessibility Policy   |   Disclaimer   |   Return to DOS Homepage   |   Contact Us

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through January 21, 2014.

Selected Entity Name: G.M. MADONNA & CO., LLC
Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | G.M. MADONNA & CO., LLC |
| **DOS ID #:** | 4138483 |
| **Initial DOS Filing Date:** | SEPTEMBER 06, 2011 |
| **County:** | NEW YORK |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC LIMITED LIABILITY COMPANY |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
BARTON BARTON & PLOTKIN, LLP
420 LEXINGTON AVENUE,
SUITE 1830
NEW YORK, NEW YORK, 10170

**Registered Agent**

NONE

This office does not require or maintain
information regarding the names and addresses of
members or managers of nonprofessional limited
liability companies. Professional limited liability
companies must include the name(s) and address
(es) of the original members, however this
information is not recorded and only available by
viewing the certificate.

**\*Stock Information**

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|

No Information Available

*Stock information is applicable to domestic business corporations.

**Name History**

| Filing Date | Name Type | Entity Name |
|---|---|---|
| OCT 15, 2013 | Actual | G.M. MADONNA & CO., LLC |
| SEP 08, 2011 | Actual | DIGS MODA GROUP, LLC |
| SEP 06, 2011 | Actual | DIGS MODA LLC |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

<u>Search Results</u>  <u>New Search</u>

<u>Services/Programs</u>  |  <u>Privacy Policy</u>  |  <u>Accessibility Policy</u>  |  <u>Disclaimer</u>  |  <u>Return to DOS Homepage</u>  |  <u>Contact Us</u>

# NYS Department of State

# Division of Corporations

## Entity Information

The information contained in this database is current through January 21, 2014.

Selected Entity Name: MADONNAANDCO.COM, LLC
Selected Entity Status Information

**Current Entity Name:** MADONNAANDCO.COM, LLC
**DOS ID #:** 4139122
**Initial DOS Filing Date:** SEPTEMBER 07, 2011
**County:** NEW YORK
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC LIMITED LIABILITY COMPANY
**Current Entity Status:** ACTIVE

Selected Entity Address Information
**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
BARTON BARTON & PLOTKIN, LLP
420 LEXINGTON AVENUE
SUITE 1830
NEW YORK, NEW YORK, 10170

**Registered Agent**

NONE

This office does not require or maintain
information regarding the names and addresses of
members or managers of nonprofessional limited
liability companies. Professional limited liability
companies must include the name(s) and address
(es) of the original members, however this
information is not recorded and only available by
viewing the certificate.

**\*Stock Information**

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| | No Information Available | |

*Stock information is applicable to domestic business corporations.

**Name History**

| Filing Date | Name Type | Entity Name |
|---|---|---|
| OCT 09, 2013 | Actual | MADONNAANDCO.COM, LLC |
| SEP 07, 2011 | Actual | DIGS MODA.COM LLC |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search

Services/Programs   |   Privacy Policy   |   Accessibility Policy   |   Disclaimer   |   Return to DOS Homepage   |   Contact Us