# C O N O V E R

**LAW OFFICES**
345 Seventh Ave., 21st Floor
New York, NY 10001

Telephone (212) 588-9080
Telecopier (212) 588-9082

Bradford D. Conover*                                                                 *Admitted in New York and Connecticut
                                                                                     Direct email: brad@conoverlaw.com

April 11, 2014

**VIA ECF and First Class Mail**

Honorable Paul A. Crotty
United States District Court
500 Pearl Street
New York, NY 10007

     **Re:** *DIGS NYC LLC v. G.M. Madonna & Co.,* 14- CV-0538 (PAC)

Dear Judge Crotty:

     We have been retained to represent plaintiffs, Digs NYC LLC and Bhinda and Eva Rajwans, in this matter going forward. A courtesy copy of the substitution of counsel is enclosed.

     We respectfully submit this letter in accordance with Your Honor's Individual Practices to: 1) request a pre-motion conference to seek leave of court to renew plaintiffs' motion to seek a preliminary injunction directing defendants, *inter alia*, to cease from using their trademarks; 2) request a pre-motion conference to seek leave of court to allow plaintiffs to file a motion to dismiss defendants' first three counterclaims premised on facts preceding the parties' Transfer Agreement and exchange of releases; and/or 3) alternatively, refer this matter to a mediator to immediately address and resolve the parties' claims.

**Motion to Renew OSC for a Preliminary Injunction**

     With respect to the plaintiff's request to renew the motion for a preliminary injunction, at the last hearing of plaintiff's Order to Show Cause on March 20, 2014 ("OSC") (Docket # 4), it was undisputed that defendants' right to use plaintiffs' trademarks such as "Royal Digs," "Vintage Digs" and "Digs Couture" terminated at the end of the transition period, October 30, 2013. (Transfer Agreement, dated September 23, 2013, ¶ 1.02.2.1(a)) A copy of the hearing transcript is enclosed as Exhibit A.

     In opposition to the OSC, defendant, Geralynn Madonna, submitted a declaration stating that whatever trademark infringements that had occurred, between November 1, 2013 and March 2014, she had "cured" and the claims were "moot." Ms. Madonna attested that "upon learning

that 'DIGS' appeared in the post domain of defendants' website [www.madonnaandco.com], I immediately removed it . . . . I do not want to have any association with . . . the Purported Trademarks." (Docket # 9 and 11, par, 82). Her counsel, at the hearing, was no less unequivocal: "THE COURT: Is Madonna still using any references to Digs? MR. PLATT: Absolutely not." (Exh. A, p. 19:14). In reliance on such representations, Your Honor reasoned: "I'm not going to enjoin activity that doesn't --- it's not occurring right now and on the theory that it may happen again. MR. SINGER: Well, what if they put it up tomorrow? Will I come back? THE COURT: Well then you'll be back tomorrow." (Exh. A, pp. 12:22-13:3).

Unfortunately, defendants' conduct since the hearing compels plaintiffs to come back seeking the Court's guidance. Attached as Exhibit B, is a screen shot, dated March 29, 2014, of Ms. Madonna's own sitemap[1] to her company's website, www.madonnaandco.com. As appears from the screen shot after the hearing, Ms. Madonna continues to list "Royal Digs," "Vintage Digs," and "DIGS COUTURE" in the post domain addresses for her website, a blatant infringement directly at odds with her prior declaration and her counsel's assurances to the Court. (Exh. B, p. 1). As a result, for example, when a customer enters a Google search for plaintiffs' company, "Digs," defendants' Madonna & Co. website appears above the Digs website. As appears by clicking on www.digsmoda.com/sitemap.xml, this blatant violation continues through today and cannot be explained by defendants' vague argument about a Google "algorithm."

In addition, the Transfer Agreement provided that defendants' "license to use the domain name digsmoda.com shall terminate at end of Transition Period [October 30, 2013]," with the sole exception of redirecting traffic from www.digsmoda.com. Corrective actions purportedly made by Ms. Madonna to her accounts with third party sites, such as Yelp, in response to the filing of the OSC, have reverted back to their earlier state, referencing Digs. Ms. Madonna in her declaration attested that "Eva's claims concerning Yelp! . . . no longer exist." (Docket # 11, par. 64). However, the Yelp listing as of today, to the contrary, states: "Digs Moda has moved. Check out their new listing," and the hyperlink "new listing" takes the viewer to the Madonna and Co. website. A copy of the April 10, 2014 Yelp listing for Digs Moda linking to Madonna & Co is attached as Exhibit C. Further, at oral argument, the Court asked defendants what comes up "if I put in Digs in Yelp….?" Mr. Platt stated in response: "Defendants have no control over that . . . We have tried, we have used our best efforts [to remove ties between Digs and Madonna and Co.]…. There is nothing the defendants could do no more than what they have done." (Exh. A pp. 20:17-24, 21:2-8). This statement was, and continues to be, inconsistent with the very visible hyperlink, highlighted at the right of the Yelp listing for Digs Moda, entitled "Edit business info," which allows any business owner, such as Ms. Madonna, to easily correct the trademark infringements. See "Update Business Details" page (Exh. C).

Defendants seem to have misunderstood the import of the Court's ruling and have wrongfully continued to associate their new domain name with trademarks belonging to plaintiffs. At the hearing, Ms. Madonna falsely pleaded ignorance, lack of prior notice, and lack of control and argued, with no absolutely no proof or reliable evidence, that her violations had been cured. The second time around, the same defenses are no longer available to defendants.

---

[1] Sitemaps are a way to tell Google about pages on your site and thereby direct potential customers to your site. https://support.google.com/webmasters/answer/156184?hl=en.

Accordingly it is requested that the court schedule a pre-motion conference with respect to plaintiff's request for renewal of their OSC for a preliminary injunction.

**Motion to Dismiss**

On or about April 1, 2014, defendants filed an Answer with Counterclaims (Docket # 22). The first three counterclaims allege breach of fiduciary duty, fraudulent inducement and breach of the Operating Agreement, dated September 6, 2011. The Operating Agreement was superseded by the Transfer Agreement, dated September 23, 2013, which forgave the loans alleged in the counterclaims and mutual releases were exchanged by the parties. (Docket # 23, Affidavit of Eva Rajwans, Exh. D). The three counterclaims are premised on facts, which irrespective of their truth or falsity, predate the superseding Transfer Agreement and releases, and the counterclaims are without merit and subject to dismissal.  Accordingly, it is requested that the court schedule a pre-motion conference with respect to plaintiff's request for permission to move to dismiss.

**Request for Appointment of a Mediator**

Alternatively, plaintiffs also have taken note of Your Honor's advice to the parties, at the conclusion of the hearing, "to retain the service of a mediator and compose your differences so that both sides can get on with doing what they're in business to do, which is engage in meaningful commerce." (Exh. A, p. 36). Pursuant to Local Civil Rule 83.9 (d)(3), Your Honor "may order that case to mediation, with or without the consent of the parties, before, at, or after the initial Rule 16(b) case management conference."

Accordingly, plaintiffs request, in addition to, or at the court's discretion, in lieu of, the above requested relief, that Your Honor direct the parties to mediate this matter ASAP before a court appointed mediator.

Thank you for your consideration.

Respectfully Submitted,

/s/
Bradford D. Conover

Cc: Christopher Platt, Esq. (via ECF and email)