UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
DIGS NYC LLC, EVANTHIA a/k/a "EVA"                    :
RAJWANS, and BHUPINDAR a/ka/a "BHINDA"  :
RAJWANS,                                             :
                                                     :      Case No. 14-CV-0538 (PAC)
                                    Plaintiff,       :
                                                     :      **PLAINTIFFS' REPLY TO**
                                                     :      **COUNTERCLAIMS**
                                                     :
G.M. MADONNA & CO., LLC f/k/a DIGS MODA :
GROUP, LLC f/k/a DIGS MODA LLC,                      :
MADONNA & CO., LLC f/k/a DIGS MODA                   :
SOHO LLC, MADONNAANDCO.COM, LLC                      :
f/k/a DIGS MODA.COM LLC, and GERALYNN                :
MADONNA,                                             :
                                                     :
                                    Defendants.      :
---------------------------------------------------------------x

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Plaintiffs, Digs NYC

LLCc, Evanthia a/k/a "Eva" Rajwans, and Bhupindar a/k/a "Bhinda" Rajwans, by their

attorneys, Conover Law Offices, as and for their Reply and Affirmative Defenses to the

Counterclaims of the defendants, G.M. Madonna & Co., LLC f/k/a Digs Moda Group, LLC f/k/a

Digs Moda LLC, Madonna & Co., LLC f/k/a Digs Moda Soho LLC, Madonnaandco.Com, LLC

f/k/a Digs Moda.Com LLC, and Eralynn Madonna, respectfully allege as follows:

1.      Aver that the allegations contained in paragraph 1 contain conclusions of law to

which no response is required.

2.      Aver that the allegations contained in paragraph 2 contain conclusions of law to

which no response is required.

3.      Lack knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 3.

4.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 6.

7.      Admit the allegations set forth in paragraph 7.

8.      Admit the allegations set forth in paragraph 8.

9.      Admit the allegations set forth in paragraph 9.

10.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 10.

11.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 11.

12.     Admit the allegations set forth in paragraph 12.

13.     Admit the allegations set forth in paragraph 13.

14.     Admit the allegations set forth in paragraph 14.

15.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 11.

16.     Admit the allegations set forth in paragraph 16.

17.     Deny the allegations set forth in paragraph 17, except admit that Eva designed clothes for sale in the DIGS Store.

18. Deny the allegations set forth in paragraph 18, except admit that in or about June 2001 though end of September 2011, Eva, Bhinda and Geralynn collaborated on creating a business plan.

19. Deny the allegations set forth in paragraph 19, except admit that initially it was planned that Bhinda, would, among other things, manage the inventory and logistics of the Company.

20. Deny the allegations set forth in paragraph 20, except admit that Eva and Bhinda planned to devote a substantial amount of time to the planned business endeavor with Geralynn.

21. Deny the allegations set forth in paragraph 21.

22. Deny the allegations set forth in paragraph 22, except admit knowledge of at least two actions by American Express.

23. Admit the allegations set forth in paragraph 23.

24. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 24.

25. Deny the allegations set forth in paragraph 25.

26. Admit the allegations set forth in paragraph 26.

27. Admit the allegations set forth in paragraph 27.

28. Aver that the allegations contained in paragraph 28 contain conclusions of law as to the "only relevant operating agreement" to which no response is required, and as to the remainder of the allegations, neither admit nor deny the allegations and respectfully refer the court to the document cited therein for its content and import.

29. Neither admit nor deny the allegations in paragraph 29 and respectfully refer the court to the document cited therein for its content and import.

3

30.     Neither admit nor deny the allegations in paragraph 29 and respectfully refer the court to the document cited therein for its content and import.

31.     Deny the allegations set forth in paragraph 31, except admit Madonna made a payment of $40,000 to the Company.

32.     Deny the allegations set forth in paragraph 32, except admit Madonna made a payment of $40,000 to the Company.

33.     Neither admit nor deny the allegations in paragraph 33 and respectfully refer the court to the document cited therein for its content and import.

34.     Neither admit nor deny the allegations in paragraph 34 and respectfully refer the court to the document cited therein for its content and import.

35.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 35.

36.     Deny the allegations set forth in paragraph 36, except admit that Geralynn paid the Company for the heath care insurance premiums for herself, Eva and Bhinda for a certain period of time.

37.     Deny the allegations set forth in paragraph 37.

38.     Neither admit nor deny the allegations in paragraph 38 and respectfully refer the court to the document cited therein for its content and import.

39.     Neither admit nor deny the allegations in paragraph 39 and respectfully refer the court to the document cited therein for its content and import.

40.     Neither admit nor deny the allegations in paragraph 40 and respectfully refer the court to the document cited therein for its content and import.

41.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 as to what was "crucial fro Geralynn," and otherwise respectfully refer the court to the document cited therein for its content and import.

42.     Neither admit nor deny the allegations in paragraph 42 and respectfully refer the court to the Operating Agreement for its content and import.

43.     Deny the allegations set forth in paragraph 43.

44.     Deny the allegations set forth in paragraph 44, except admit that the DIGS Store in Soho opened on or about December 2011 and the word "Soho" was only used to identify the location of the store.

45.     Deny the allegations set forth in paragraph 45.

46.     Deny the allegations set forth in paragraph 46.

47.     Deny the allegations set forth in paragraph 47, except admit that Bhinda, and others, had some responsibility for the management and construction and build out of the DIGS Soho Store.

48.     Deny the allegations set forth in paragraph 48.

49.     Deny the allegations set forth in paragraph 49.

50.     Deny the allegations set forth in paragraph 50.

51.     Deny the allegations set forth in paragraph 51, except admit that Bhinda arranged for the first contractor to be hired.

52.     Deny the allegations set forth in paragraph 52, except admit that Bhinda and Eva were working with one of the same contractors who had worked at the existing DIGS store.

53.     Deny the allegations set forth in paragraph 53.

54.     Deny the allegations set forth in paragraph 54.

55. Deny the allegations set forth in paragraph 55.

56. Deny the allegations set forth in paragraph 56.

57. Deny the allegations set forth in paragraph 57, except admit that Bhinda advised

Geralynn that some portion of the merchandise was missing.

58. Deny the allegations set forth in paragraph 58.

59. Deny the allegations set forth in paragraph 59.

60. Deny the allegations set forth in paragraph 60.

61. Deny the allegations set forth in paragraph 61.

62. Deny the allegations set forth in paragraph 62, except admit that Eva was buyer

and merchant as well as a designer.

63. Deny the allegations set forth in paragraph 63.

64. Deny the allegations set forth in paragraph 64.

65. Deny the allegations set forth in paragraph 65.

66. Deny the allegations set forth in paragraph 66.

67. Deny the allegations set forth in paragraph 67.

68. Deny the allegations set forth in paragraph 68.

69. Deny the allegations set forth in paragraph 69.

70. Deny the allegations set forth in paragraph 70.

71. Deny the allegations set forth in paragraph 71.

72. Deny the allegations set forth in paragraph 72.

73. Deny the allegations set forth in paragraph 73.

74. Deny the allegations set forth in paragraph 74.

75. Deny the allegations set forth in paragraph 75.

6

76.    Deny the allegations set forth in paragraph 76.

77.    Deny the allegations set forth in paragraph 77, except lack knowledge or information sufficient to form a belief as to the truth of the allegation as to Geralynn's "reliance."

78.    Deny the allegations set forth in paragraph 78.

79.    Deny the allegations set forth in paragraph 79.

80.    Deny the allegations set forth in paragraph 80, except admit that discussions began on or about August 2013 concerning Geralynn's leaving the DIGS brand and starting a new brand.

81.    Deny the allegations set forth in paragraph 81, except admit that Eva declined to order new merchandise when there was inadequate financing and credit available to support new orders.

82.    Deny the allegations set forth in paragraph 82.

83.    Deny the allegations set forth in paragraph 83, except admit that there was an audit.

84.    Deny the allegations set forth in paragraph 84, except admit that the parties entered into a Membership Transfer Agreement, which was executed on or about September 2013, and respectfully refer the court to the document cited therein for its content and import.

85.    Neither admit nor deny the allegations in paragraph 85 and respectfully refer the court to the document cited therein for its content and import.

86.    Neither admit nor deny the allegations in paragraph 86 and respectfully refer the court to the document cited therein for its content and import.

87.     Neither admit nor deny the allegations in paragraph 87 and respectfully refer the court to the document cited therein for its content and import.

88.     Neither admit nor deny the allegations in paragraph 88 and respectfully refer the court to the document cited therein for its content and import.

89.     Neither admit nor deny the allegations in paragraph 89 and respectfully refer the court to the document cited therein for its content and import.

90.     Deny the allegations set forth in paragraph 90.

91.     Deny the allegations set forth in paragraph 91, except admit that Eva emailed Shoptiques on or about October 7, 2013, and respectfully refer the court to the document cited therein for its content and import.

92.     Neither admit nor deny the allegations in paragraph 92 and respectfully refer the court to the document cited therein for its content and import.

93.     Deny the allegations set forth in paragraph 93.

94.     Neither admit nor deny the allegations in paragraph 94 and respectfully refer the court to the document cited therein for its content and import.

95.     Deny the allegations set forth in paragraph 95, except admit that Eva and Bhinda contacted various third parties at various times concerning defendants' trademark infringements.

96.     Deny the allegations set forth in paragraph 96, except admit that Eva and Bhinda contacted Facebook concerning Geralynn's reposting of trademark infringements after transition period.

97.     Deny the allegations set forth in paragraph 97.

98.     Admit the allegations set forth in paragraph 98.

99.     Deny the allegations set forth in paragraph 99.

100.    Deny the allegations set forth in paragraph 100.

101.    Deny the allegations set forth in paragraph 101.

102.    Deny the allegations set forth in paragraph 102.

103.    Deny the allegations set forth in paragraph 103.

104.    Deny the allegations set forth in paragraph 104.

105.    Deny the allegations set forth in paragraph 105.

106.    Deny the allegations set forth in paragraph 106.

107.    Deny the allegations set forth in paragraph 107.

108.    Neither admit nor deny the allegations in paragraph 108 and respectfully refer the court to the document cited therein for its content and import.

109.    Neither admit nor deny the allegations in paragraph 109 and respectfully refer the court to the document cited therein for its content and import.

110.    Neither admit nor deny the allegations in paragraph 110 and respectfully refer the court to the document cited therein for its content and import.

111.    Deny the allegations set forth in paragraph 111, but admit that an application was filed under DIGS NYC LLC, and respectfully refer the court to the document cited therein for its content and import.

112.    Deny the allegations set forth in paragraph 112, except admit that application was paid by the Company and respectfully refer the court to the Transfer Agreement for its content and import.

113.    Deny the allegations set forth in paragraph 113, except admit that DIGS NYC LLC is the owner of the mark DIGS BEAUTE.

114.    Admit the allegations set forth in paragraph 114.

9

115. Deny the allegations set forth in paragraph 115.

116. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 116.

117. Neither admit nor deny the allegations in paragraph 110 and respectfully refer the court to the documents cited therein for its content and import.

118. Deny allegations set forth in paragraph 118.

119. Deny allegations set forth in paragraph 119.

## AS TO THE FIRST CONTERCLAIM

120. Repeat and re-allege their answers to paragraphs 1-119 of the Counterclaims as if set forth fully herein.

121. Aver that the allegations contained in paragraph 121 contain conclusions of law to which no response is required.

123. Aver that the allegations contained in paragraph 122 contain conclusions of law to which no response is required.

124. Deny the allegations set forth in paragraph 124.

125. Deny the allegations set forth in paragraph 125.

126. Deny the allegations set forth in paragraph 126.

## AS TO THE SECOND CONTERCLAIM

127. Repeat and re-allege their answers to paragraphs 1-126 of the Counterclaims as if set forth fully herein.

128. Deny the allegations set forth in paragraph 128.

129. Deny the allegations set forth in paragraph 129.

130. Deny the allegations set forth in paragraph 130.

131.    Deny the allegations set forth in paragraph 131.

132.    Deny the allegations set forth in paragraph 132.

133.    Deny the allegations set forth in paragraph 133.

134.    Deny the allegations set forth in paragraph 134.

135.    Deny the allegations set forth in paragraph 135.

## AS TO THE THIRD CONTERCLAIM

136.    Repeat and re-allege their answers to paragraphs 1-135 of the Counterclaims as if set forth fully herein.

137.    Deny the allegations in paragraph 137 and respectfully refer the court to the documents cited therein for its content and import.

138.    Deny the allegations set forth in paragraph 138.

139.    Deny the allegations set forth in paragraph 139.

140.    Deny the allegations set forth in paragraph 140.

## AS TO THE FOURTH CONTERCLAIM

141.    Repeat and re-allege their answers to paragraphs 1-140 of the Counterclaims as if set forth fully herein.

142.    Deny the allegations set forth in paragraph 142 and respectfully refer the court to the documents cited therein for its content and import.

143.    Deny the allegations set forth in paragraph 143 and respectfully refer the court to the documents cited therein for its content and import.

144.    Deny the allegations set forth in paragraph 144.

145.    Deny the allegations set forth in paragraph 145.

146.    Deny the allegations set forth in paragraph 146.

147.    Deny the allegations set forth in paragraph 147.

148.    Deny the allegations set forth in paragraph 148.

## AS TO THE FIFTH CONTERCLAIM

149.    Repeat and re-allege their answers to paragraphs 1-148 of the Counterclaims as if

set forth fully herein.

150.    Deny the allegations set forth in paragraph 150.

151.    Deny the allegations set forth in paragraph 151.

152.    Deny the allegations set forth in paragraph 152.

153.    Deny the allegations set forth in paragraph 153.

154.    Deny the allegations set forth in paragraph 154.

## AS TO THE SIXTH CONTERCLAIM

155.    Repeat and re-allege their answers to paragraphs 1-154 of the Counterclaims as if

set forth fully herein.

156.    Neither admit nor deny the allegations in paragraph 156 and respectfully refer the

court to the document cited therein for its content and import.

157.    Deny the allegations set forth in paragraph 157.

158.    Admit the allegations set forth in paragraph 158.

159.    Deny the allegations set forth in paragraph 159.

160.    Deny the allegations set forth in paragraph 160, and respectfully refer the court to

the document cited therein for its content and import.

161.    Deny the allegations set forth in paragraph 161.

12

162. Deny the allegations set forth in paragraph 162.

163. Deny the allegations set forth in paragraph 163.

164. Deny the allegations set forth in paragraph 164.

## AS TO THE SEVENTH CONTERCLAIM

165. Repeat and re-allege their answers to paragraphs 1-164 of the Counterclaims as if set forth fully herein.

166. Admit the allegations set forth in paragraph 166.

167. Deny the allegations set forth in paragraph 167.

168. Deny the allegations set forth in paragraph 168.

169. Deny the allegations set forth in paragraph 169.

170. Deny the allegations set forth in paragraph 170.

171. Deny the allegations set forth in paragraph 171.

172. Deny the allegations set forth in paragraph 172.

173. Deny the allegations set forth in paragraph 173.

## AS TO THE EIGHTH CONTERCLAIM

174. Repeat and re-allege their answers to paragraphs 1-173 of the Counterclaims as if set forth fully herein.

175. Deny the allegations set forth in paragraph 175.

176. Deny the allegations set forth in paragraph 176.

177. Deny the allegations set forth in paragraph 177.

178. Deny the allegations set forth in paragraph 178.

179. Deny the allegations set forth in paragraph 179.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

180.    Defendants' First, Second and Third Counterclaims are barred by the Operating

Agreement requiring defendants' to arbitrate such claims.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

181.    Defendants' Counterclaims fail to state a legal claim for relief.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

182.    Defendants' counterclaims are barred by the doctrine of equitable estoppel, bad

faith, and unclean hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

183.    Defendants' counterclaims are barred by the doctrine of release, waiver, accord

and satisfaction.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

183.    Defendants' counterclaims are barred by the parties' superseding Transfer

Agreement.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

184.    Defendants' counterclaims are barred by the statute of limitations and/or laches.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

185.    Defendants' counterclaims are barred on the grounds of illegality and/or fraud.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

186.    Defendants' counterclaims are barred because they have suffered no damages

and/or have failed to mitigate damages

14

WHEREFOR, Plaintiffs respectfully request that the Court issue a judgment awarding the

relief requested in the Complaint and dismissing the defendants' Counterclaims.

Dated: New York, New York
      June 13, 2014

By:     /s/

      Bradford D. Conover, Esq.
      Molly Smithsimon, Esq.
      Conover Law Offices
      Attorney for Plaintiffs
      345 Seventh Ave., 21st Floor
      New York, New York 10033
      (212) 588-9080
      brad@conoverlaw.com